# James S. Sconce

## *v.*

# Elam Henderson *et al.*

*Filed at Springfield March 28, 1882.*

1. Practice—*finding of facts by Appellate Court, conclusive on this court.* An affirmance of a judgment by the Appellate Court implies a finding of the facts in the same way they were found by the trial court, and such finding, under the statute, is conclusive upon this court.

2. Witness—*competency—as against an administrator of an estate.* The principal maker of a promissory note is a competent witness in a suit thereon against the administrator of a deceased surety alone, to prove its execution by the intestate. In such case the witness is not a party to the suit, and his interest is equally balanced, and his testimony is not given on his own motion, or in his own behalf.

3. Same—*impeachment—not as to irrelevant matters.* It is not the practice to permit a party to ask questions touching irrelevant matters, and then prove that the witness has made different statements concerning them, for the purpose of impeaching him.

Writ of Error to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Vermilion county; the Hon. Oliver L. Davis, Judge, presiding.

Mr. D. D. Evans, for the plaintiff in error:

William M. Slunkard, being the son and heir of Robert Slunkard, deceased, and, according to his statement, a joint maker of the note sued on, was not a competent witness to prove the execution of the note by his father, in a suit against his estate, he being directly interested in the event of the suit. *Whitman* v. *Rucker*, 71 Ill. 413; *Boynton* v. *Phelps et al.* 52 id. 219; *Kent* v. *Mason*, 79 id. 543.

If the law permitted the witness to be made a co-defendant with the administrator, he would be incompetent, and no reason is perceived why he is competent when not joined.

As to the questions laying the foundation for impeachment, and excluded by the court, reference is made to 1 Wharton on Evidence, secs. 551, 554; 1 Greenleaf on Evidence, sec. 462; 1 Phillips on Evidence, 293; Stephens' Digest of Evidence, 146; *Craig* v. *Rohrer*, 63 Ill. 325.

Messrs. Mann, Calhoun & Frazier, for the defendants in error:

The statute makes all persons, whether parties or not, competent to testify in all cases, except that no person being a party to a suit, or *directly* interested in the event thereof, can testify, of his own motion, or in his own behalf, where the representatives of a decedent defend as such. The witness, here, was not a party to the suit, and was not directly interested in the event thereof, because if his father's estate is made to pay this sum, the estate has its remedy against him.

The objection that the court refused to allow certain impeaching questions to be asked of the witness, is met by the answer that the questions were not material to the issue.

Mr. Justice Scott delivered the opinion of the Court:

The declaration in this case counts on two promissory notes, purporting to have been made by William M. Slunkard, and Robert Slunkard, since deceased. The suit was commenced against the administrator of Robert Slunkard, deceased, alone, the surviving maker of the notes not having been made a party. The pleadings put in issue the making of the notes by the intestate, and upon that issue the cause was tried. The jury to whom the cause was submitted found the issues for the plaintiffs, and assessed their damages at the sum due on the notes. The circuit court, after having overruled a motion for a new trial, entered judgment on the verdict. That judgment was affirmed in the Appellate Court, and as the sum involved exceeds $1000, defendant

brings the case to this court on error, as he has a right to do under the Practice act.

The affirmance of the judgment by the Appellate Court implies a finding of the facts in the same way they were found in the trial court. It was there found the intestate made the notes. That was a controverted fact in the case, and of course the finding of the Appellate Court touching that fact is conclusive, under the statute, on this court. Only such questions of law as arise on the record remain to be considered.

On the trial the court permitted plaintiffs to read in evidence the deposition of the surviving maker, to prove the intestate executed the notes. It is not perceived there was any error in that ruling of the court. The witness was not a party to the suit, and conceding he was directly interested in the event of the suit, his interest, whatever it might be, was equally balanced. No matter in whose favor the suit might terminate, he was, and would ultimately be, liable for the whole sum due on the notes. The intestate was merely surety for the witness, and if plaintiffs succeeded, he would be obligated to reimburse the estate for anything the administrator might have to pay for him, but if the defence prevailed, he would still be liable on the notes to plaintiffs. So he was indifferent as to the result, so far as any legal interest was concerned. It was not of his own motion, or in his own behalf, that he testified, and he is not therefore within the provisions of that section of the statute that forbids a party to a civil suit, or a person directly interested in the event thereof, from testifying therein, of his own motion, or on his own behalf, where the adverse party sues or defends as administrator, or in any other representative capacity mentioned in that section of the statute.

The questions and answers excluded from the deposition of the witness related to matters irrelevant to the real issues being tried, and had the witness been contradicted as to

them, as was proposed to be done, it would have been of no consequence one way or the other.    It has not been the practice to permit a party to ask questions touching irrelevant matters, and then prove the witness had made different statements concerning them, for the purpose of impeaching him.

The facts set forth in the affidavits in support of the motion for a new trial would, at most, constitute only cumulative evidence, and come within the rule a verdict will not be set aside and a new trial awarded to enable the unsuccessful party to introduce mere cumulative evidence, not conclusive in its character.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*