The Chicago and Western Indiana Railroad Co.

*v.*

Thomas Newell.

*Opinion filed October 24, 1904—Rehearing denied December 7, 1904.*

1. Railroads—*riding on platform of car not negligence per se.* Riding upon the platform of a car, although it may be *prima facie* evidence of negligence, is not under all circumstances, as a matter of law, negligence *per se.*

2. Same—*when question whether it is negligence to ride on the platform is one of fact.* Whether a passenger was negligent in riding on the platform of a car is a question of fact for the jury, where there is evidence that neither seats nor standing room could be conveniently obtained in the cars.

3. Same—*what tends to show negligence in management of a train.* Evidence that a passenger train was run around a sharp curve at such a rate of speed as to throw the plaintiff and another passenger from the platform of a car to the ground and many persons in the car from their feet and the seats tends to show negligence in the management of the train.

4. Same—*a speed ordinance does not justify negligence.* Negligence in operating a particular train cannot be justified by showing that the train, at the place where the accident occurred, was running at a rate of speed permitted by a city ordinance.

5. Same—*lessor railroad company liable for negligence of lessee.* A railroad company holding the franchise and right to operate a railroad is liable for injuries to passengers, caused by the negligence of the company operating the railroad as lessee of the former company.

6. Evidence—*what evidence as to operation of train is not material.* In an action for an injury caused by the alleged negligent manner of running a train around a sharp curve at a speed of twenty-five or thirty miles an hour, an expert's opinion as to whether trains could be operated with safety at the place of the accident at that rate of speed is immaterial.

7. Same—*when evidence of the crowded condition of a train is not improper.* Evidence as to the crowded condition of a train at a certain station before the place where the accident occurred was reached is proper, where the evidence shows that no stops were made between those points.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

G. W. Kretzinger, for appellant.

Proudfit & Lantz, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

Appellee recovered a $5000 judgment against appellant in the superior court of Cook county for personal injuries, and that judgment has been affirmed by the Appellate Court.

It was alleged in the several counts of the declaration that the defendant owned and operated a certain railroad, and had authorized and permitted the Chicago, Indianapolis and Louisville Railway Company to run its trains over the same for the carriage of goods and passengers for reward; that the plaintiff became a passenger on a certain train belonging to the latter company, to be carried from Chicago to Monon Park, in the State of Indiana, for a certain compensation; that it failed to furnish him a seat in the cars of its train, but so negligently crowded the train with passengers that he, using due care in that regard, was obliged to stand upon the platform of one of the cars; that the train was so carelessly, negligently and recklessly managed and run over and upon a certain curve on a rough part of said road, that "the car upon which the plaintiff was riding was violently swayed from side to side and jerked and jolted, and the plaintiff, in the exercise of due care, was with great force and violence thrown from said car and sustained the injuries complained of."   The defendant filed a plea of the general issue and also a special plea setting up the leasing of the road to the said Chicago, Indianapolis and Louisville Railway Company, and averring its non-liability for the negligence and torts of said lessee, but the court sustained a general demurrer to such special plea and the defendant elected to

stand by the same. A replication being filed to the plea of not guilty, the case was tried before a jury with the result above stated.

The errors of law·assigned upon the record which are relied upon for a reversal of the judgment below are, first, that the trial court erred in refusing to give the peremptory instruction to the jury to find for the defendant; second, the refusal to give certain instructions asked by the defendant upon the submission of the case to the jury; third, the giv-. ing of the fifth instruction on behalf of the plaintiff; and sixth, the improper exclusion and admission of testimony.

Under the first assignment of error it is insisted that the evidence wholly failed to show negligence upon the part of the defendant and due care by the plaintiff, as alleged in the declaration; that there is an absence of evidence in the record tending to show that the appellant was the owner of the track at the place of the injury, and that, as a matter of law, it is not liable for the negligent acts of its lessee.

A committee of Orangemen had arranged with the company for four trains to be run from Chicago to Cedar Lake, at which place that society held a picnic on the 12th day of July, 1899. The trains were to leave Chicago at different hours during the morning·and afternoon,—one at about the hour of ten o'clock A. M. Appellee, with a proper ticket, boarded that train at the station in Chicago, and according to his own testimony sought a seat in each of the several cars, passing from the rear to the front of the train, and finding the seats all occupied and the aisles filled with passengers standing. Upon his arrival on the platform of the first car he was unable to get back into the car because of the crowded condition, and the train started and he was compelled to ride in that position. Other testimony tends to corroborate his statement. At Seventy-ninth street, in the city of Chicago, the railroad track upon which the train was running makes a sharp curve, and the testimony shows that the train ran around that curve at so rapid a rate of speed as to throw

the plaintiff and another passenger off of the platform upon which they were, to the ground, and to throw many of those who were standing in the aisles off their feet and others off the seats.  The plaintiff was seriously injured and the other passenger thrown to the ground and killed.

Under this state of facts,—which, to say the least, the evidence fairly tended to establish,—it cannot be seriously contended that the railroad company operating the train was not guilty of the negligence complained of in the declaration. There is evidence tending to show that as the train rounded the curve it was going at the rate of twenty-five or thirty miles an hour.   Necessarily, the rapid rate of speed and the curve in the track exposed those persons standing on the platforms to danger of being thrown from the train.   It can not certainly be said, as a matter of law, that there was no negligence in thus operating the train.  Ordinarily it is *prima facie* evidence of negligence for a passenger to stand or ride upon the platform of a moving railway train, but where, as the evidence tends to show in this case, neither seats nor standing room in the cars could be conveniently obtained, it became a question of fact for the jury whether the plaintiff was guilty of contributory negligence by being upon the platform from which he fell.   It is only when the inference of negligence necessarily results from the statement of facts that the court can properly instruct the jury that such facts establish negligence as a matter of law.   Standing or sitting upon the platform or steps of a railway car when the train is in motion, although it may be *prima facie* evidence of negligence, is not, under all circumstances, negligence *per se* and as a matter of law.   *Chicago and Alton Railroad Co.* v. *Fisher,* 141 Ill. 614, and authorities cited.

We think the evidence proved the ownership of the railroad by the appellant, and, in fact, the defense that it was not liable for the negligence of its lessee assumes and admits that fact.   That a railway company holding a franchise and right to operate the railway is liable to passengers injured

on such railway by the negligence or wrongful act of another company operating the same, has been decided by this court, in principle, at least, since the case of *Lesher* v.*Wabash Navigation Co.* 14 Ill. 85.    In *Peoria and Rock Island Railroad Co.* v. *Lane,* 83 Ill. 448, we said (p. 449) : "It is first urged that appellant is not liable for the negligence or mismanagement of the employees of that company whilst running on their tracks; that the Rockford, Rock Island and St. Louis company are alone liable for their negligence.    There is no doubt but they are liable for their own acts, and some courts have held that the company owning a road is not liable for the negligence of their lessees, or of other roads using their tracks by arrangement or consent; but this court has repeatedly held that a company holding the franchise and exclusive right to operate a road must so use it as not to endanger passengers or property, whether the use be by themselves or others they may permit to use the road, and that if they permit another company to run their trains on and over their tracks, and injury grows out of negligence of the use of the road thus authorized, the company owning the road and franchise will also be liable." (*Pennsylvania Co.* v. *Ellett,* 132 Ill. 654; *Chicago and Erie Railroad Co.* v. *Meech,* 163 id. 305; *Chicago and Western Indiana Railroad Co.* v. *Doan,* 195 id. 168; *West Chicago Street Railway Co.* v. *Horne,* 197 id. 250.)    We are still of the opinion that the doctrine announced in those cases is well supported by both reason and authority.

The evidence fairly tended to support the plaintiff's cause of action as alleged in his declaration, and the court therefore properly refused to take it from the jury.

The instructions which the court refused to give upon the request of the defendant all related to the question of the plaintiff's want of due care, and in various ways called the attention of the jury to the fact that he was riding upon the platform at the time of his injury.    All that was stated in either of them proper to be given to the jury was contained

in the first, second, third, sixth and ninth instructions given at the request of the defendant. Those refused were therefore properly rejected.

The fifth instruction given on behalf of plaintiff stated a correct principle of law applicable to the case. It was based on the rule heretofore referred to, which makes the owner of a railroad liable for the negligent operation of trains upon it by its lessees. As a whole, the instruction is in conformity with the decision in *Pennsylvania Co.* v. *Ellett, supra.*

The defendant introduced an expert witness, who was asked to give his opinion whether trains could be operated over the tracks where the accident happened, with safety, at the speed of twenty-five or thirty miles an hour, to which an objection was sustained. The question called for the statement of an immaterial fact as applied to the case. The material question was not whether trains could be operated over the track at the rate of twenty-five or thirty miles an hour, but whether or not this particular train was properly operated in view of all the facts and circumstances surrounding it.

Two witnesses were permitted to testify as to the crowded condition of the train at Archer avenue, a point several blocks distant from the place of the accident, and this, it is contended, was error. The evidence clearly showed that the train was not stopped between Archer avenue and the place of the injury. Therefore evidence of the condition at Archer avenue proved the condition at Seventy-ninth street.

The defendant also complains of the refusal of the trial court to permit it to introduce ordinances of the city of Chicago which permitted trains to run thirty-five miles an hour at the place of the accident, and also in allowing the plaintiff to offer evidence to the effect that parties on the train complained as to the crowded condition of the train, without showing that the person to whom the complaint was made was an agent or officer of the company. The ordinances were clearly irrelevant. They did not authorize, or pretend to authorize, the company to commit an act of negligence in

212—22

running its train at the permitted rate of speed. The evidence does show that the complaint as to the crowded condition of the train was made to one of the officials with whom the arrangement for transportation was made. Even if that testimony had been improperly admitted, the error would not justify a reversal of the judgment below.

Other questions are raised in the case, which we have considered but do not regard as of sufficient importance to require particular notice.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*