## Chicago Consolidated Traction Company v. Joseph Schritter.

### Gen. No. 12,133.

1. CONTRIBUTORY NEGLIGENCE—*when not, to ride upon platform.* It is not contributory negligence as a matter of law for a passenger to ride upon the platform of an electric car where no seat has been furnished and no objection is made to the passenger riding upon such part of the car.

2. CARRIER OF PASSENGERS—*particular instruction as to duty of, approved.* An instruction is good which tells the jury that it was the duty of the defendant carrier "to use the highest degree of care and caution consistent with the practical operation of the road."

3. MEASURE OF DAMAGES—*what part of, in action for personal injuries.* In an action for personal injuries it is proper for the

jury to take into consideration suffering in body and mind which is the result of the injuries received.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed February 20, 1906.

**Statement by the Court.** This is a suit for personal injuries. Appellee, a machinist, left the shop where he was employed about six o'clock p. m. of October 18, 1901, at the conclusion of the day's work, to go home. He boarded a train operated by appellant, at the corner of Lake street and Milwaukee avenue, Chicago. The train consisted of a motor car and a trailer. There is evidence tending to show that both cars were quite crowded. Appellee states that he tried to get on at the rear end of the motor, which was a closed car, but not succeeding, he went to the front of the motor car and got on to the step there. He could not, he says, get any further than the step because of the crowded condition of the car. He was standing on the right front step, next to the body of the car, holding on with his right hand to a "grab iron" attached to the body of the car. This grab iron was about three and a half feet long, set perpendicularly in sockets and extending outside of and beyond the body of the car about a distance of one and three-quarters inches.

While standing on the step in this position, his view obstructed, as he claims, by persons in front of him on the steps, the motor car collided with a wagon. This wagon had been proceeding along on the track in front of the train upon which appellee was riding. There were some empty wagons between the track and the street curbing which prevented the wagon from turning out at once as the cars approached it from the rear. When these obstructions were passed the driver turned to the right out of the car tracks. It is said that the motorman was meanwhile turning his power off and on keeping close behind the wagon, and that when the latter had finally gotten out of the railway tracks, he turned on the power and his train moved ahead prematurely before the wagon was sufficiently out of the way. The wagon had

a flat platform, with stakes along its sides and rear upon which, about fifteen inches above the platform, were iron rope hooks extending outward. As the car undertook to pass, one of these rope hooks on the stake at the rear corner of the wagon caught the grab iron which appellee had hold of, tearing it from the car and inflicting upon appellee's hand and arm the injuries complained of. Appellee claims that he did not see the wagon because of the crowd on the step, and that he had no notice that it was there until the accident occurred.

JOHN A. ROSE, HENRY W. BRANT and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

CHARLES LANE, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended on the part of appellant that the verdict is not supported by the evidence. The claim is that it was contributory negligence for appellee to ride in the position he occupied on the step of the car. One witness testifies that he had gotten on the car after appellee, and for a time stood beside him on the step, but that when some passengers got off, he was able to and did step up on the car platform; that appellee might have done the same thing. The preponderance of the evidence is, however, that the car platform was crowded to such an extent that it was difficult at least to get on it or pass through among those standing there. There is evidence which justifies the conclusion evidently reached by the jury that it was not contributory negligence for appellee under the circumstances to remain on the step of the car in the position he occupied when injured. When appellant invites persons to become passengers without furnishing accommodations sufficient for them within the car, it is certainly bound to exercise whatever care and diligence may be reasonably necessary to protect them from injury in the places where it undertakes to convey them. No excuse that it is or may be negligence *prima facie* for a passenger to ride upon the platform or steps of a car when

there is room elsewhere, can relieve the carrier from the duty it owes all passengers alike of exercising the highest care consistent with the practical operation of its road for their protection in the place where it has invited them to ride. The question of negligence in such cases is one of fact, "but if no seat is furnished and the carrier permits a passenger to ride in that way, the carrier assumes the duty of exercising the care demanded by the circumstances." N. C. St. R. R. Co. v. Polkey, 203 Ill., 225–232; C. & W. I. R. R. Co. v. Newell, 212 Ill., 332.

It is claimed in behalf of appellant that there is evidence tending to prove the wagon may have backed up a few inches after the front part of the car platform had passed the part of the wagon which struck the "grab iron." Whether this theory is sustained by the evidence was a question of fact for the jury. It was also a question for the jury even if it be conceded that the wagon did halt or swerve or even back a few inches more or less, whether it was or was not negligence for the motorman not to guard against such contingency until the wagon was at least far enough away from the track to make it improbable at least that such halting or backing would endanger the passengers on the car. There is evidence that the "grab iron" projected beyond the car far enough so that the dashboard might pass the wagon without hitting it, although the grab iron could not. We are of opinion the verdict is sustained by the evidence.

Objection is made to an instruction to the effect that it was appellant's duty "to use the highest degree of care and caution consistent with the practical operation of the road" for the safety of passengers. This instruction has been too often approved to be questioned now in a case of this kind. N. C. St. Ry. v. Polkey, *supra*, (p. 233); W. C. St. R. R. Co. v. Johnson, 180 Ill., 285–286; W. C. St. R. R. Co. v. Kromshinsky, 185 Ill., 92.

Complaint is made of the third instruction as "unnecessary," but there is no claim that it is erroneous. The seventh instruction authorized the jury in estimating damages to consider "to what extent, if any, he (plaintiff) may have en-

dured physical and mental suffering as a natural and inevitable result of such injuries." It has been held proper for the jury to take into consideration suffering in body and mind which is the result of the injuries received. H. & St. J. R. R. Co. v. Martin, 111 Ill., 219–232; Chicago C. Ry. Co. v. Taylor, 170 Ill., 49–57–58.

We are of opinion, as above indicated, that the eighth instruction requested on the part of appellant was properly refused. The mere fact, if it should be accepted as a fact, that the wagon after clearing the track suddenly backed up enough to strike the "grab iron" while the car was starting ahead, would not necessarily relieve appellant from liability, as the instruction if given would have stated. The question of negligence was still open. We find no reversible error in the refusal of the instructions of appellant to which our attention is called.

It is urged that the judgment is excessive. The amount of the verdict was reduced by one quarter. While it is still fully adequate in our judgment, the injuries inflicted were serious, disabling and permanent. We are unable to say that the damages are so excessive as to warrant reversal of the judgment.

The judgment of the Superior Court must be affirmed.

*Affirmed.*