THE CHICAGO CONSOLIDATED TRACTION COMPANY

*v.*

JOSEPH SCHRITTER.

*Opinion filed October 23, 1906.*

1. STREET RAILWAYS—*riding on platform of car is not negligence per se.* Whether or not it is negligence for a passenger to ride upon the steps of the platform of a street car is a question of fact to be determined by a jury, and is not, under all circumstances, negligence as a matter of law.

2. SAME—*measure of duty of street railway company to its passengers.* It is the duty of a street railroad company to use the highest degree of care and caution, consistent with practical operation of the road, to provide for the safety and security of passengers while being transported, and an instruction to that effect is proper.

3. INSTRUCTIONS—*an instruction may refer to mental suffering.* It is not improper for an instruction upon the measure of damages in a personal injury case to tell the jury they may consider, among other elements, "to what extent, if any, he [the plaintiff] may have endured physical and mental suffering as a natural and inevitable result of such injuries."

4. SAME—*when an instruction as to future inability to work is proper.* An instruction authorizing the jury in a personal injury case to consider what effect, if any, plaintiff's injuries "will have on him in the future in regard to his power to earn money by labor" is proper, where the evidence shows that plaintiff was a machinist and had earned $900 the year before working at his trade, and that

his thumb and little finger were torn off and the hand so badly lacerated as to render it almost useless.

5. SAME—*instruction directing a verdict should embrace all the essential facts.* An instruction directing a particular verdict if the jury should find certain facts and conditions must embrace all the facts and conditions essential to such verdict.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

CHARLES LANE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court in favor of appellee for $9000 for damages sustained as the result of an injury received while a passenger on one of appellant's cars.

Near dark on the evening of October 18, 1901, appellee boarded an electric car of appellant, called an Easton avenue car, at Milwaukee avenue and Lake street, which was some distance from Easton avenue. He took position and rode on the step at the front end of the motor car. The step set in the platform so that it did not extend beyond the side or the body of the car. Appellee paid his fare while standing in that position, holding on to the grab-iron at the side of the front end of the car. The grab-iron was three to three and a half feet long, set in sockets at each end and extended out from the body of the car one and three-quarters inches. When the car reached Easton avenue its course was then north, and as appellee stood on the step holding the grab-

iron with his right hand he faced east. As the train, which was composed of the motor car on which appellee was riding and a trailer, proceeded north, it approached and overtook a man driving one horse hitched to a heavy truck wagon of the Northwestern Yeast Company. The wagon was being driven along the street car tracks, and the motorman, as he came near it, sounded the gong to warn the driver to leave the track. The wagon, at the time the street car overtook it, was opposite some vehicles standing in the street between the street car track and the sidewalk on the right hand or east side, so that the driver had to pass them before he could turn his horse and wagon off the track. After passing these obstructions the driver turned his horse off the track, and the wheels of the wagon, after following the tracks a short distance, left the tracks also. The wagon was a platform wagon, with upright stakes along its sides and rear. To these stakes, or some of them, iron rope-hooks were attached about fifteen inches above the platform and extending outward. When the wheels of the wagon left the street car tracks appellant's motorman turned on the power to give his train more speed and pass the horse and wagon. In attempting to pass them an iron rope-hook on a rear stake in the wagon caught the grab-iron appellee was holding to, tore it off the car and seriously and permanently injured his hand and arm.

It was first contended by appellant that the verdict was not supported by the evidence. This contention is based chiefly on the fact that appellee was riding on the steps of the car at the time he was injured. It is not and could not reasonably be claimed that this constitutes negligence under all circumstances or as a matter of law. Whether such conduct constitutes negligence or not is a question of fact for determination by the jury. *Alton Light and Traction Co.* v. *Oller,* 217 Ill. 15; *North Chicago Street Railroad Co.* v. *Polkey,* 203 id. 225; 3 Thompson on Negligence, secs. 2955, 2957.

But it is argued that under the circumstances of the case, as shown by the evidence, appellee could have occupied a safer place on the platform, and therefore was guilty of contributory negligence in not doing so. There was evidence tending to show the car and platform were so crowded with passengers that appellee could not secure a safer place to ride. This was a controverted question of fact, and the judgment of the Appellate Court on that question is binding upon us. *Sconce* v. *Henderson,* 102 Ill. 376; *Thomas Pressed Brick Co.* v. *Herter,* 162 id. 46; *Henry* v. *Stewart,* 185 id. 448; *Lusk* v. *Throop,* 189 id. 127.

It is also urged that the court erred in giving appellee's first, third and seventh instructions and in refusing the eighth and ninth instructions asked by appellant. Appellee's first instruction was as follows:

"The court instructs the jury, as matter of law, that it is the duty of a street railroad company to use the highest degree of care and caution, consistent with the practical operation of the road, to provide for the safety and security of passengers while being transported."

This instruction has been approved in *West Chicago Street Railroad Co.* v. *Johnson,* 180 Ill. 285, and *West Chicago Street Railroad Co.* v. *Kromshinsky,* 185 id. 92, and is not in conflict with *North Chicago Street Railroad Co.* v. *Polkey, supra.*

Appellee's third instruction told the jury he was not bound to prove his case beyond a reasonable doubt, but was only required to prove it by a preponderance of the evidence. No reason is given why this is not a good instruction, and we know of none that could be given.

Appellee's seventh instruction was on the measure of damages, and told the jury, among other elements mentioned, that they might consider "to what extent, if any, he may have endured physical and mental suffering as a natural and inevitable result of such injuries." The criticism made of this portion of the instruction is, that it authorizes dam-

ages for mental suffering. This has been approved in a long line of cases in this State where there had been a physical injury inflicted. In *Indianapolis and St. Louis Railroad Co.* v. *Stables,* 62 Ill. 313, it was said (p. 320) : "And a reference to adjudged cases shows the current of authority is the other way. In fact, we cannot readily understand how there can be pain without mental suffering. It is a mental emotion arising from a physical injury. It is the mind that either feels or takes cognizance of physical pain, and hence there is mental anguish or suffering inseparable from bodily injury, unless the mind is overpowered and consciousness is destroyed. The mental anguish which would not be proper to be considered is where it is not connected with the bodily injury but was caused by some mental conception not arising from the physical injury." This has been adhered to in *Hannibal and St. Joseph Railroad Co.* v. *Martin,* 111 Ill. 219, *Chicago City Railway Co.* v. *Taylor,* 170 id. 49, *Cicero and Proviso Street Railway Co.* v. *Brown,* 193 id. 274, and many other cases. *Braun* v. *Craven,* 175 Ill. 401, cited by appellant, is not in conflict with these cases. In that case there was no physical injury. The alleged injury complained of resulted from fright.

The same instruction also told the jury they might consider any necessary expense appellee may have been put to "or may have obligated himself to pay," if any were proven, in and about treatment and care of himself on account of his injuries, and what, if any, effect his injuries "will have on him in the future in regard to his power to earn money by his labor." It is asserted the declaration charges appellee had "expended large sums of money" for medical services, and not that he "had become liable" for expenses for treatment, and it is so abstracted. This is the only objection made to that branch of the instruction. The record shows the allegation in the declaration to be that appellee had been obliged to "expend divers large sums of money amounting, to-wit, to the sum of $1000, and had obligated himself to

pay out large sums of money, to-wit, $1000." The evidence shows appellee's thumb and little finger were torn off and the hand so injured and lacerated as to render it almost useless. He was a machinist, and the year before he was injured had earned about $900 working at his trade. It was the right hand that was injured and he has not been able to work at his trade since his injury, and the proof shows his capacity to perform any kind of labor has been permanently impaired. There was no error in the instruction.

Appellant offered, and the court refused, an instruction in substance to the effect that if the jury believe, from the evidence, that the car and wagon were going in the same direction and that the team and wagon turned off the track a sufficient distance to allow the car to pass in safety, and that after the forward end of the car had passed the rear end of the wagon, without notice to those in charge of the car the horse suddenly stopped and backed the wagon so that it came in contact with the side of the car and thereby plaintiff was injured, the jury should find defendant not guilty. One of the theories of the defense was, that after leaving the street car tracks a horse and milk wagon crossed in front of the horse drawing the wagon that had just left the tracks and caused that horse to back slightly, thereby bringing the hook in contact with the grab-iron on the car,—and there was some evidence tending to support this theory. The elements contained in the instruction were proper to be considered by the jury in determining whether the appellant's motorman was guilty of negligence that caused the injury, but as it directed a verdict for defendant it was properly refused. The evidence relied on by appellant shows the wagon could have been but a few inches from the street car track. One of the witnesses testified the horse backed the wagon three inches. It is clear that if the wagon was ever far enough from the track to allow the car to pass it was by a narrow margin. It was the duty of the motorman to keep a careful watch ahead for obstructions that were in or liable

222—24

to get in his way.  He testified he was behind time and was hugging the wagon closely, putting on and taking off the power, and that when the wagon got clear of the track he turned on the power.  The Appellate Court properly said on the subject: "It was also a question for the jury, even if it be conceded that the wagon did halt or swerve or even back a few inches more or less, whether it was or was not negligence for the motorman not to guard against such contingency until the wagon was at least far enough away from the track to make it improbable, at least, that such halting or backing would endanger the passengers on the car."  The instruction as asked practically took this element away from the consideration of the jury.  Each party to a suit, it is true, is entitled to have instructions given that will fairly present his theory of the case, but such instructions must contain a correct statement of the law applicable to the evidence.  Where an instruction directs a particular verdict if the jury should find certain facts and conditions, the instruction must embrace all the facts and conditions essential to such a verdict.  (*Illinois Iron and Metal Co.* v. *Weber,* 196 Ill. 526.)  Furthermore, appellant had the benefit of the law in other instructions informing the jury as to what their verdict should be if the evidence failed to show appellee's injury was caused by the negligent operation of the car.  Appellant's sixteenth instruction told the jury that if they believed, from the evidence, the injury to the plaintiff was caused by the negligent manner in which the horse and wagon were driven or managed, they should find the defendant not guilty.  The seventeenth told the jury that if they believed, from the evidence, plaintiff's injury was the result of an inevitable accident, or that it was caused by the negligence or conduct of those in charge of certain teams and wagons and without the negligence of defendant, then they should find the defendant not guilty.

Complaint is also made of the refusal of the court to give the ninth instruction asked by appellant.  That instruc-

tion was on the law of assumed risk. This was not a case where the doctrine of assumed risk was applicable. If there was anything in the position appellee occupied on the step of the car that would bar a recovery it was contributory negligence, and on this subject the instructions given on behalf of appellant were full and complete.

Finding no reversible error in this record the judgment is affirmed.

*Judgment affirmed.*