## Rumah A. Crouse, Appellee, v. The Barber Asphalt Paving Company, Appellant.

### Gen. No. 15,523.

1. VARIANCE—*when objection comes too late.* An objection on account of an alleged variance between the allegations of the declaration and the evidence comes too late on a motion for a new trial, and the point is not preserved for the consideration of the reviewing court where no motion was made to exclude all objectionable evidence at the trial.

2. NEGLIGENCE—*when obstruction in public street constitutes.* If a contractor engaged in making an improvement upon a public street places a barricade in such manner that it becomes a menace and not a protection, negligence is established, and as bearing upon the question as to whether the barricade became a menace it is competent to show an absence of lights even though the absence of lights was not specifically relied upon as a basis for the action.

3. INSTRUCTIONS—*approved form as to quantum of proof.* An instruction upon this subject as follows, approved:

"The plaintiff is not bound to prove her case beyond a reasonable doubt, but is merely bound to prove it by a preponderance of the evidence."

4. VERDICTS—*when not excessive. Held,* in an action on the case for personal injuries, that a verdict for $6,000 was not excessive where it appeared that the plaintiff was an associate principal of a kindergarten college and that as a result of the injury, suffered a fracture of the neck of the left femur, which occasioned a shortening of the left leg and which required and would continue to require for an indefinite period the use of crutches.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. T. G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 16, 1911. *Certiorari* denied by Supreme Court (making opinion final).

CALHOUN, LYFORD & SHEEAN and RALPH F. POTTER, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court. The appellant at the time of the accident which is the

foundation of this proceeding, was engaged in installing a concrete pavement on Cottage Grove avenue, at and north of the intersection of Seventy-first street, under contract with the City of Chicago. It had placed near Seventy-first street a cross-piece or "horse," consisting of two pieces of plank about five feet in length, in substantially the form of a saw-horse, at a distance of three or four feet from the outer rails of the street car tracks near Seventy-first street, upon which a plank was placed slanting towards and extending to the curb line of Cottage Grove avenue. The evidence tended to show that this "horse" was on its side and was not being used for the purpose intended at the time of the accident; that it had been placed there as a barricade about noon of the day of the accident and had either fallen or been thrown over.

Appellee, who at that time was about sixty-five years of age, alighted from a southbound car some distance north of Seventy-first street, which at that time was the terminus of what was known as the Cottage Grove run, between eight and nine o'clock in the evening of September 4th, 1906.

The declaration charges in the first count that the appellant "wrongfully, negligently and unjustly caused to be placed" said "horse," etc., whereby without fault on her part she caught her foot in the obstruction and was thrown with great force and violence to the ground, thus sustaining a fracture of her left leg. The second count is substantially the same as the first excepting that the averment is that appellant "left said obstruction in Cottage Grove avenue and failed to remove the same," whereby the appellee was injured, etc.

A trial before the court and a jury resulted in a verdict and judgment for $6,000. This judgment we are asked to reverse because, as alleged by the appellant, there was no evidence tending to establish the particular negligence charged in either count of the plaintiff's declaration; second, because of a refusal of the court to give certain instructions tendered by the appellant and in the giving of one erroneous instruction at the instance of the appellee. The contention of the appellant is that inasmuch as the work was being done by it for the City of Chicago, it was not in law a "wrongful,

negligent or unjust" act to attempt to withdraw from public use the portion of the street which was being repaired; nor was it a "wrongful, negligent or unjust" act to permit a bar designed to protect the public from injury to remain upon the public street. This contention by the appellant is coupled with a statement of the negligence charged in the two counts of the declaration and upon the proposition that there was no evidence to establish the particular negligence charged in either count.

We do not find that any motion to exclude the objectionable evidence was made at the trial. The point was made upon a motion for a new trial. Objection on account of an alleged variance between the allegations of the declaration and the evidence comes too late on a motion for a new trial, and the point is not preserved for the consideration of a reviewing court when no motion was made to exclude the objectionable evidence at the trial. Gascoigne v. Metropolitan El. R. R. Co., 239 Ill. 18.

As we understand the matter, appellant does not rely upon an express license obtained from the City, but insists rather that it became its duty to place the obstruction upon the street in order to protect from injury the public improvement which was in process of construction. As heretofore stated, the evidence tended to show that instead of performing its function as a barrier, the "horse" and plank were down and became a menace to persons using the street. As stated by the Supreme Court in Kenyon v. Chicago City R'y Co., 235 Ill. 406:

"In any event, placing an obstruction, such as the one involved in this case, in the street, is *prima facie* unlawful. If the person so placing the obstruction relies upon an express license obtained from the city, the burden is upon him to show the existence of the permit; or, if it is his contention that the obstruction is of a character such as he may lawfully place in the street without any express permission from the city authorities, then such circumstances must appear in proof. Here there was no evidence of such license or of such circumstances."

If the appellant permitted the "horse" to be upon the street without a light upon it, and otherwise in such a manner that it became a menace and not a protection, we are of the opinion that it was responsible for the injury sustained by one who was rightfully using the street and who in his use of the street was in the exercise of due care and caution.

We think the trial court did not err in refusing to give the peremptory instruction requiring the jury to find their verdict for the defendant.

The court gave to the jury without modification sixteen instructions tendered by the appellant. The appellant requested the court to give the following instruction:

"Even though you may believe from the evidence in this case that at the time of the occurrence in question the defendant did not have any lights or lanterns at or near the place of the accident, yet, the court instructs you that it is not alleged in this case that the defendant was guilty of negligence in failing to have such lights or lanterns at or near such place; and therefore in passing upon the question whether or not the defendant was guilty of negligence as charged in the plaintiff's declaration, you must entirely disregard the question of lights or lanterns."

The instruction was given, but with the following words added:

"Except as a circumstance, in connection with all the other evidence, at the time and place of the accident in question."

An exception was taken to the modification made by the court to this instruction, and the alleged error in so modifying it is discussed in the briefs in connection with the alleged error in admitting proof as to the absence of signal lights. It is contended by the appellant that such proof should not have been introduced because the declaration does not charge the absence of such lights as one of the elements of negligence chargeable to the appellant. We do not think the court erred in making the modification and in admitting the testimony.

The charge in the second count of the declaration is that the appellant "wrongfully, negligently and unjustly left said obstruction," etc. The proof that there was no light there tended to establish this general averment of the declaration. The barrier was placed in the street at noon, with the expectation of leaving it there until the following morning, and the appellant might, to some extent at least, have relieved itself of this charge if it had placed lights upon or around or near the barrier. If lights had been there, that fact also would have a bearing upon the question of whether or not the appellee was herself guilty of negligence. It was a circumstance or fact tending to prove that the obstruction was left in the street wrongfully and negligently. I. C. R. R. Co. v. Aland, 192 Ill. 37.

Complaint is made because of the giving of the following instruction at the request of the appellee:

"The plaintiff is not bound to prove her case beyond a reasonable doubt, but is merely bound to prove it by a preponderance of the evidence."

A similar instruction seems to have been approved in the following cases: Consolidated Traction Co. v. Schritter, 124 Ill. App. 578; S. C. 222 Ill. 364; Pierson v. Lyon & Healy, 150 Ill. App. 116; Chicago City R'y. Co. v. Nelson, 215 Ill. 443; North Chicago St. R. R. Co. v. Polkey, 203 Ill. 225.

Complaint is also made because the court refused another instruction tendered by the defendant. We have carefully read that instruction, and think it was properly refused as having been fully covered otherwise in the charge.

We do not think that the damages are excessive. Appellee was an associate principal of the Chicago Kindergarten College, with which she had been connected for many years. The surgeon's testimony disclosed the fact that there was a fracture of the neck of the left femur, which occasioned a shortening of the left leg of an inch to an inch and a quarter. The accident occurred on September 4, 1906, and the trial in December, 1908. At this trial the surgeon further said

that as a precautionary measure the appellee should use a crutch for years, and possibly forever; that he could not tell whether there was a complete union or not—while one of the other doctors thought that the X-Ray indicated that perhaps one-third or one-half of the union was "bony." The evidence also discloses what naturally might have been expected, that the appellee was confined to her bed for many weeks and that she suffered pain constantly from the date of the accident to the date of the trial of the case.

*Judgment affirmed.*