## John Keller, Appellee, v. Chicago, Wilmington and Vermilion Coal Company, Appellant.

1. MINES AND MINERALS, § 153*—*when defendant entitled to contradict evidence introduced by plaintiff without objection.* In an action against a mining company for injuries sustained by plaintiff while employed as a motorman on a haulage motor used for moving cars in defendant's mine, the declaration alleging that the injury resulted from a derailment on account of the defective condition of the tracks, *held* that where plaintiff is permitted, without objection, to show that a tie at or near the place· of the accident was removed and replaced with a new one after the time of the injury, a refusal by the court to permit defendant to show under what circumstances the tie was removed is error.

2. MINES AND MINERALS, § 182*—*questions for jury.* In an action for personal injuries sustained by plaintiff by reason of the derailment of a car in a mine, alleged to have been caused by defective tracks, whether the derailment was caused by the defective condition of the track and what caused the derailment,. *held* to be questions for the jury, where the evidence is conflicting.

3. MINES AND MINERALS, § 192*—*when instruction ignoring question whether injury was caused by fellow-servant erroneous.* In an action for personal injuries in a mine, based on a common law count in the declaration, the giving of an instruction directing a verdict for plaintiff upon the finding of the circumstances recited in the instruction without requiring the jury to determine whether the accident was caused by the negligence of a fellow-servant, *held* error.

*See Illinois Notes Digest, Vols. XI. to XV, same topic and section number.

4. INSTRUCTIONS, § 131*—*when erroneous for ignoring essential elements.* An instruction which directs a verdict for plaintiff must include all the elements necessary to be found by the jury.

5. DAMAGES, § 115*—*when verdict for personal injuries excessive.* A verdict for plaintiff for $3,400 for injury to his limb not such as will be of any serious damage, *held* excessive, the expense for a physician and otherwise amounting to $400, his earning capacity at the time of the injury being $2.92½ per day, and since the injury has been earning a greater sum.

Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed October 16, 1913.

BROWN & HAY and JOHN T. CREIGHTON, for appellant; MASTIN & SHERLOCK, of counsel.

JAMES H. MURPHY, for appellee; EDWARD C. KNOTTS, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action against appellant for an injury to appellee alleged to have been caused to him by reason of the negligence of the appellant Company by whom he was employed as a motorman on a haulage motor used in the mine of appellant Company for the movement of its cars. The trial below resulted in a judgment for $3,400.

Appellee filed a declaration with five counts; the third and fourth counts having been withdrawn from the jury by the trial court, the cause was tried upon the first, second and fifth counts.

The first count charges appellant with being the owner and operator of a mine in Macoupin county; that appellee's duties required him to haul loaded cars from a certain switch in the mine to the bottom of the shaft, and to return empty cars from the shaft to the switch where they were distributed throughout the mine, these cars were hauled over and upon a track built for this purpose in the entry where appellee was

required to work; that it was the duty of the appellant Company to keep and maintain this track and switch in a reasonably safe condition for the performance of the work required of appellee, but that appellant, disregarding its duty, permitted the ties to become rotten and worn at and near the point where the switch connected with the main track in this entry at a place known as the parting, that by reason thereof the spikes became loose and were insufficient to hold the rails, and that by reason of this negligence the motor which appellee was operating was derailed, and by reason of which he was injured.

The second and fifth counts charge wilful violation of the statute regarding mines and miners.

The second count averring the old and rotten condition of the ties, loose spikes, etc., alleging that this constituted a dangerous condition which should have been discovered by the defendant's mine examiner, but that the mine examiner failed to visit, inspect and observe the mine and inscribe the month and day of his visit, and to mark by conspicuous marks the dangerous place, failed to report his findings to the mine manager and to make a report thereof to be kept in a book required for that purpose, and that said condition was not discovered by the mine examiner, and while such dangerous condition existed, appellee was permitted to enter the mine for work without being under the direction of the mine manager.

The fifth count alleges that at a short distance west of the switch there was a dangerous condition in the rails of the main track by reason of their being old, defective, battered and bent and out of line, that the mine examiner wilfully failed to visit and inspect the mine and discover these conditions and to inscribe upon the walls with chalk the month and day of his visit, failed to place conspicuous marks, failed to report to the mine manager, and failed to make the entry in the book required by the statute to be kept for that

purpose, and that while these conditions existed appellee was permitted to enter the mine for work, not being under the direction of the mine manager.

No plea appears of record, but the cause went to trial, and it will be presumed that the general issue was filed.

Appellant insists upon a reversal of this cause, and assigns as reasons therefor that the evidence does not support the allegations of the declaration, that the court erred in the admission and rejection of evidence and in the giving and refusing of instructions, that the amount of damages is excessive; also for the reason that the injury was not caused by reason of wilful violation of the mine act, but by reason of the negligence of a fellow-servant.

The evidence discloses that appellee was in the employ of the appellant Company in its mine in Macoupin county; that in the prosecution of its work in this mine the cars of coal were hauled by mules from the various rooms where it was mined, and collected at a point in the main entry, and from there hauled to the main shaft by the motor operated by appellee; that after the cars were emptied they were then returned in trains to the switch by appellee, but the transferring of the cars from the main track to the switch was done by means of a flying switch, which means that the cars were started with considerable speed upon the main track by the motor, the motor then uncoupled from the train, its speed increased faster than the moving train, and after it had passed the switch stand the switch was then thrown by an operator and the train of cars permitted to pass upon the switch. It was while making one of these flying switches that the motor which appellee was operating left the track.

There is a serious conflict in the evidence as to whether or not the ties were rotten or the spikes loose at or near this switch, but the evidence does disclose that there was a bend or kink in the track at a point about six feet from the switch point. Appellee insists

that the motor car left the track by reason of these conditions, while appellant insists that the kink in the track was not sufficient to have caused any derailment, and that the derailment of the motor car occurred further down the track, near the frog of the switch, and that the accident was caused by reason of the failure of the switchman to be at his post of duty. As to where the switchman was the evidence is very conflicting, appellant insisting that he was at a point some one hundred and fifty to two hundred feet or more away from his post of duty and that after he saw the train of cars coming he attempted to reach the switch to throw it, and that he failed to properly observe the condition of the switch and wrongfully threw it so that the motor car instead of passing along the main track was thrown upon the switch track, and that the derailment of the motor did not occur at the point of the switch or near it, but that the motor was derailed at or near the guard rail near the frog in the switch; just where it was actually derailed the evidence is very conflicting. The motor came to a stop at a point almost directly over the frog and between the guard rails, with wheels off the track on either side of the frog. The train of cars which was following the motor car remained upon the main track instead of passing upon the siding, and that the foremost car of the train hit the motor at the point where it was standing throwing appellee from his seat and injuring him. Appellant insists that the fact that the motor car took the siding and did not continue on the main track and that the train of cars took the main track and did not go upon the siding is conclusive proof that the accident was caused by the failure of the switch operator to properly tend the switch. Where the evidence is so conflicting and contradictory it is for a jury to pass upon the question as to how or in what manner the accident was caused; and the case was properly submitted to the jury by the trial court for the purpose of determining the questions of fact from the disputed evidence.

The evidence is also very conflicting as to whether the mine examiner had performed his duties as required by the statute and whether or not the accident was occasioned by reason of this failure to perform the duties required of him; this evidence presents a question of fact that should be determined by a jury. From the condition of the conflicting evidence in this record we do not deem it proper for this court to, at this time, make any finding of facts, as it is necessary to reverse this judgment upon the ruling of the court in regard to the admission of evidence and upon the instructions given.

The court permitted appellee to show that a tie at or near the place where appellee insists the injury occurred and the condition of which appellee insists was the cause of the injury was removed by appellant Company after the time of the injury and replaced by a new one, and permitted appellee to show by witnesses that this was done upon the order of Mr. Woods, the superintendnt of the defendant Company. Appellant concedes that this proof was made without objections. After this evidence was in the record, appellant offered to show that the tie was not removed either upon the direction or upon any order given by Mr. Woods, the superintendent, and to show that the tie was removed by reason of false statements and assertions made to the workmen who removed the tie. While the evidence that the tie was removed or the track repaired would not have been proper if objected to by appellant, although the evidence was admitted without objection, after appellee produced this evidence appellant should have been permitted to have shown that the superintendent gave no order or direction regarding the removal thereof, and to have shown how and under what circumstances the tie was so removed; and we think the court erred in refusing to admit this evidence, as it was proper for the purpose of contradicting and disputing evidence offered on behalf of appellee, which in all probability affected the finding of the jury.

The court gave to the jury on behalf of appellee the following instruction:

"The court instructs the jury that as to the first count of the declaration, that if you believe from the preponderance of the evidence the defendant is guilty of the negligence charged in said count and that such negligence caused plaintiff's injury, as alleged in the first count, and that at and before the time plaintiff was so injured he was in the exercise of ordinary care for his own safety and that he did not know of the peril by which he was injured and could not have discovered the same by the exercise of ordinary care, then as to the first count you should find the defendant guilty."

The instruction directed a verdict for the plaintiff upon the finding of the circumstances recited in the instruction. The first count of the declaration was a common law count, and the question as to whether or not the injury was caused by reason of the negligent act of the fellow-servant in this record, it was error for the court to give the jury this instruction which directed a verdict without requiring it to determine that the accident was not caused by reason of the negligence of the fellow-servant before a recovery could be had. The omission of this question from the instruction and the failure to require the jury to find thereon before returning a verdict for appellee was error. The rule is familiar that where an instruction directs a verdict for the plaintiff the instruction must include all the elements necessary to be found by the jury. *Chicago Suburban W. & L. Co. v. Hyslop*, 227 Ill. 308; *Chicago Consol. Traction Co. v. Schritter*, 222 Ill. 364.

We do not find that the court committed any other serious error prejudicial to the appellant.

Upon the question of the judgment being excessive, the record discloses that appellee at the time of the injury was earning $2.92½ per day; that his expense for a physician and otherwise amounted to about $400; that he has some injury to his limb, but not such as will be of any serious damage; that since the injury

occurred he has been able to work and received $3.24 per day. For his suffering and loss of time which he has sustained by reason of the injury and for any suffering that he may have in the future he may be entitled to recover, but under the evidence in this record we are compelled to hold that the judgment is excessive.

For the reasons hereinbefore stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*