**Home Bank & Trust Company, Appellant, v. Mary Szostowski et al., Appellees.**

### Gen. No. 31,893.

1. TRIAL—*suspension of trial to await arrival of witnesses.* In the orderly conduct of the business of a court it is not the province nor the duty of the judge to suspend operations to await for a short time the arrival of absent witnesses who have testified in the case when they could have been examined upon all proper matters if interrogated by counsel.

2. HARMLESS AND PREJUDICIAL ERROR—*failure to join issue.* A judgment may not be reversed for an irregularity in proceeding to trial without joinder of issue.

3. HARMLESS AND PREJUDICIAL ERROR—*refusal of instructions on theory of case.* In an action by a bank upon a contract of guaranty it is reversible error to deny it the right to have the jury instructed upon its theory of the case which the evidence tended to prove.

4. INSTRUCTIONS—*misleading marks on instruction.* The submission to a jury of original and carbon copies of an instruction which directs a verdict of not guilty for a named defendant if the jury believes certain facts, and which original copy is marked with a circle around the name of the defendant with a check mark underneath and the word "no" in the middle of the page, is prejudicial to plaintiff as misleading.

5. GUARANTY—*applicability of instruction to pleadings.* Where, in an action by a bank on a contract to guarantee its loan, the issue raised by the pleadings is whether the bank agreed to and did extend the time of payment or forbore suit, and whether the guaranty was executed in consideration of such extension or forbearance, an instruction to find for the defendants if the guaranty was given to secure a loan is improper as being inapplicable to the pleadings, there being no averment in the pleadings that the bank would make a new loan.

6. GUARANTY—*instruction singling out evidence.* Where, in an action by a bank on a contract to guarantee its loan, the issue raised by the pleadings is whether the bank agreed to and did extend the time or payment or forbore suit, and whether the guaranty was executed in consideration of such extension or forbearance, an instruction to find for the defendants if the guaranty was given to secure a loan is improper in singling out evidence and giving undue prominence to evidence which is not in issue.

7. INSTRUCTIONS—*necessity of embracing all facts.* An instruction which in effect directs a verdict if the jury believe certain facts should embrace all the facts and conditions essential to such a verdict.

8. GUARANTY—*indefinite instruction as to consideration.* An instruction in an action on a contract of guaranty to find for the defendant if the jury believes that the defendant received no consideration for signing the contract is too indefinite as to the meaning or import of the words "no consideration."

Appeal by plaintiff from the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed January 18, 1928.

CHENEY & PETERSON, for appellant; ALBERT PETERSON, of counsel.

NOVAK & NOVAK, for Mary Szostkowski, appellee; FRANK H. NOVAK, of counsel.

FRED L. STEERS, for Anna Nowak, appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This suit was dismissed as to all of the defendants except Frank Waszkiewicz, Mary Szostkowski and John Szostkowski, who were defaulted for want of a plea. Anna Nowak joined issues by appropriate pleading, and the cause as to them was tried before the court and jury, in whose favor the jury rendered a verdict upon which there was a judgment of *nil capiat,* after the overruling by the court of motions for a new trial and in arrest of judgment, from which judgment plaintiff bank prosecutes this appeal asking a reversal.

The action is assumpsit declaring upon a contract of guaranty executed and delivered by the defendants to the plaintiff bank. The guaranty requested the plaintiff bank to extend credit to enable the Garfield Machine and Manufacturing Company (name changed to Universal Projector and Machine Company) from time to time, and jointly and severally guaranteeing payment of all its indebtedness, liabilities and obligations to said plaintiff bank to the amount of $15,000 with interest, etc.

The declaration avers an indebtedness by the Garfield Machine and Manufacturing Company, also known as Universal Projector and Machine Company, to the plaintiff bank in the sum of $10,000, which indebtedness was evidenced by its note, which is due and unpaid, together with interest, costs, expenses and attorneys' fees incurred in endeavoring to collect said indebtedness; and that the guaranty was executed by the defendants for a good and valuable consideration, to wit, the extension of the time of payment of the

indebtedness of the corporation for a reasonable time, which was given to the corporation by the plaintiff bank, and that notwithstanding such extension of payment no part of the indebtedness has been paid.

Defendant Anna Nowak pleaded the general issue and a special plea averring that the contract set forth in the declaration was executed and entered into without any good and valuable consideration; that nothing of value was received by Anna Nowak; that the plaintiff did not agree with her to forbear bringing suit against the corporation, as alleged; that plaintiff did not agree with defendant Anna Nowak to extend the time of payment of said indebtedness of said corporation; that the corporation did not obtain any credit or make and receive any loans or moneys on the 10th of May, 1924, or at any time thereafter.

Anna Nowak's third plea is *nil debet*, and her affidavit of merits supporting the pleas stated the defense to be that the contract of guaranty was made and signed by her after the execution of the note set forth in the declaration; that no credit, loan or thing of value was extended or given to the corporation by the plaintiff bank, and that it did not promise her that it would extend payment of the indebtedness of the corporation; that plaintiff bank did not promise her that it would forbear the bringing of suit against the corporation; that she did not sign said agreement for a good and valuable consideration, to wit, the extension of the time of payment of the aforesaid $10,000 indebtedness and the forbearance of suit thereon, and that she did not guarantee the payment of the indebtedness.

On December 20, 1924, the following order was entered:

"It is ordered that the defendant, Mary Szostkowski be and hereby is defaulted for want of a plea and affidavit of merits. Motion of defendant Szostkowski

for leave to file an amended plea instanter denied, to which ruling of the court the defendant excepted. Thirty days time given for bill of exceptions.''

No bill of exceptions on this order is found in the record.

The cause proceeded to trial on the issues made by the declaration of plaintiff and the pleas of defendant Anna Nowak and replications thereto. Plea of Mary Szostkowski craving oyer makes no issue, except to serve the purpose of compelling the plaintiff to exhibit in court the document upon which the cause of action is based, so that the defendant craving oyer may see and inspect the document. The purpose of this plea was subserved when the plaintiff bank produced in court the contract of guaranty, counted upon in the declaration, upon the trial.

Counsel for plaintiff bank call the court's attention and urge upon us the consideration of the fact that they offered for their client the testimony of Mr. John J. Krause, vice president of the bank, Mr. Lawrence H. Prybylski, another vice president of the bank, and Mr. Peter L. Evans, its president, for the purpose of specifically denying conversations testified to by defendant Nowak, and that the court refused to wait a few minutes for such witnesses to get to the court room and so testify. It is in evidence that these witnesses had all testified in the case when they could have been examined upon all matters within their knowledge pertaining to the case if interrogated by counsel. If plaintiff's counsel wished further to interrogate these witnesses it was his duty to have them in court at the proper time. We can take no notice of any fact which counsel might seek to prove by such witnesses, if the court had awaited their arrival, and in the orderly conduct of the business of the court it is not the province or duty of the presiding judge to suspend operations to await the arrival of absent

witnesses. Counsel notes the fact, as he claims, that twelve minutes after the statement was made to the court regarding absent witnesses Mr. Prybylski entered the courtroom. The course of justice cannot be obstructed or suspended at the whim or caprice of absent witnesses.

While we do not intend to detail the evidence given upon the trial, as in the view we take of the case by reason of giving erroneous instructions, the judgment must be reversed and the cause proceed to a new trial. However, for the information of counsel, we would here say, that the cause was tried irregularly, and that no issue was joined except by the defendant Anna Nowak. All of the other defendants, appellees here, except Anna Nowak, were defaulted, some for want of appearance and others for the lack of pleas. However, if the judgment was otherwise regular, we would not reverse the cause for that irregularity, but it would be well for counsel to correct such irregularity by having the issues appropriately joined on the next trial.

The evidence of plaintiff and defendants is in sharp conflict, and in such condition of the proofs it behooves the court to be correct in its instructions to the jury. The plaintiff bank had a right to have the jury instructed upon their theory of the case which the evidence proffered by them tended to prove, and to deny it such right was reversible error.

The plea of defendant Mary Szostkowski was defective. In order to put in issue her execution of the guaranty it was necessary that she should file a plea of the general issue and an affidavit of meritorious defense denying the execution of the guaranty. In the remanding of the cause she may, if she sees fit apply to the trial court, and procure leave to file such pleas as well as an affidavit of meritorious defense.

The issues consisted in the averment by the plaintiff bank of an agreement to extend the $10,000 note,

Home Bank & Trust Co. v. Szostowski, 247 Ill. App. 207.

and that it forbore suit in consideration of the execution and delivery to it of the contract of guaranty set forth in the declaration.

To this declaration defendant Anna Nowak interposed certain pleas hereinabove set forth.

The first instruction said to be erroneous is as follows:

"The court instructs the jury as a matter of law that if you believe by a preponderance of the evidence that at the time the defendant, Mary Szostkowski, signed the agreement or instrument sued on in this cause, it was agreed that one Bernice Gessey was also to sign the said instrument sued on, and that said instrument was not to be used or to be an obligation as to the said defendant, Mary Szostkowski, unless the said Bernice Gessey also signed the same, and if you further so believe that said instrument was not signed by Bernice Gessey, then your verdict should be not guilty as to the defendant, Mary Szostkowski."

This instruction, which directed a verdict of not guilty as to the defendant, Mary Szostkowski, was given twice, the carbon as well as the original copy being read to the jury by the trial judge. The original typewritten instruction was marked with a circle around the name of Mary Szostkowski, and a check mark underneath, and in the middle of the page was the word "no." It is supposed by counsel for the defense that that was a mark of a juryman, but there is no evidence in the record on this point. It was highly prejudicial to the plaintiff bank to give the instruction in duplicate with the marks upon it, as above indicated. It was calculated to mislead the jury to the prejudice of the plaintiff bank.

The court also gave the following instruction, which was objected to:

"You are further instructed that if you believe from the evidence that the contract of guaranty signed by the defendant was given for the purpose of secur-

ing a loan of $15,000, then you are instructed to find the issues for the defendants.''

That instruction was inapplicable to the pleadings. There is no averment in the pleadings that the bank would make a new loan of $15,000 to the corporation. The point in dispute raised by the pleadings was whether the bank agreed to and did extend the payment of the $15,000 loan or forbore suit upon that indebtedness; and secondarily, whether the guaranty was executed and delivered to the plaintiff bank in consideration of such extension or forbearance. Again it is bad because it singles out evidence, and gives undue prominence to evidence which is not in issue. As said in *Drda v. Drda*, 298 Ill. 278:

''That note, with other facts, would raise an inference of the ultimate fact in issue; and furthermore, it is not proper to direct attention to a single item of evidence which in itself, alone, would not be conclusive. That might be done in any case as to every single item of evidence not conclusive in itself, with the effect to destroy the aggregate effect of all the evidence.''

Furthermore an instruction which in its effect directs a verdict should embrace all the facts and conditions essential to such a verdict. *Chicago Consol. Traction Co. v. Schritter*, 222 Ill. 364.

The giving of the following instruction is likewise assigned for error:

''You are further instructed that if you believe from the evidence that the defendant, Anna Nowak, signed the guaranty admitted in evidence in this case, for the purpose of procuring a loan of $15,000 from the Home Bank & Trust Company to the Garfield Machine & Manufacturing Company, then you are instructed to find the issues for the defendants.''

This is erroneous for reasons already assigned. And finally the giving of the following instruction is assigned for error:

"You are further instructed that if you believe from the evidence that the defendant, Anna Nowak, received no consideration for signing the guaranty admitted in evidence in this case, then you are instructed to find the issues for the defendant, Anna Nowak."

It was altogether too indefinite as to the meaning or import of the words "no consideration." The jury might naturally conclude the court intended to inform them that the guaranty signed by Anna Nowak was not effective in law unless she had received some financial benefit for so doing, the matter of the kind of benefit being left to the jury to conjecture.

For the reasons above assigned the judgment of the superior court is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

TAYLOR, P. J., and WILSON, J., concur.