RAYMOND G. HEWES

*v.*

CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY.

*Opinion filed October 24, 1905.*

1. RAILROADS—*when company is not liable for injury to passenger.* A railroad company is not liable for injury to a passenger who declined a seat provided for him in the car and remained upon the platform, and who, when the train was approaching a station, instead of waiting until it stopped, swung his body out from the lower step, intending to alight and go ahead to the smoking car, but was struck by a cattle-guard fence, which he did not see in the darkness, and thrown from the train.

2. NEGLIGENCE—*when question of contributory negligence is one of law.* If the facts are admitted and all reasonable minds would agree that the injury was the result of the plaintiff's negligence, the court may, as a matter of law, find there was such contributory negligence on the part of the plaintiff as to defeat a recovery, and may so inform the jury by a peremptory instruction.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

BRANDT & HOFFMANN, for appellant.

CALHOUN, LYFORD & SHEEAN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the superior court of Cook county by the appellant, against the appellee, to recover damages for an injury to his person, alleged to have been sustained on October 11, 1892, in consequence of the negligence of the appellee in constructing a cattle-guard so near its tracks that as the car upon which he was a passenger was passing said cattle-guard his body came in contact with said cattle-guard and he was thrown from the train to and upon the ground. The declaration

contained three counts, and the general issue was pleaded. At the close of the plaintiff's evidence the court peremptorily instructed the jury to return a verdict in favor of the defendant, which was done accordingly, and judgment was rendered on the verdict in favor of the defendant. The Appellate Court for the First District, upon appeal, affirmed the judgment of the superior court, and a certificate of importance having been granted, a further appeal has been prosecuted to this court.

The sole question raised in this court is, does the evidence introduced on behalf of the plaintiff, when taken to be true, together with all legitimate inferences which may be drawn therefrom in favor of the plaintiff, tend to support the cause of action set out in his declaration?

The evidence shows that the defendant, at the time of the injury, owned and operated a double track railroad which ran north and south through Columbia Heights, a suburb of Chicago; that its south-bound trains ran on the west and its north-bound trains upon the east track; that its passenger depot at that place was located upon the east side of the tracks; that about two hundred feet north of the depot, between the tracks, a cattle-guard four and one-half or five feet high, in the form of an inverted letter V with the top cut off, was located, and that the east side of the body of a passenger car going south, in passing said cattle-guard, would come within six inches thereof. At about seven o'clock on the evening of the injury the plaintiff, who was then seventeen and one-half years of age and employed in a piano factory at Chicago Heights, took a south-bound train of defendant at that place to go to his home at Crete. Columbia Heights is about midway between Chicago Heights and Crete. The train upon which he took passage consisted of a passenger, smoker, baggage car and an engine and tender. He was late, and in company with a companion mounted the rear platform of the rear car of the train. He was smoking, and upon looking into

the passenger car through. the open door he saw his uncle, who was a minister, and his wife, sitting in the car, and not desiring to be observed by them with a lighted cigar in his possession, he dodged back and remained standing upon the platform east of the car door until the engineer commenced to slacken the speed of the train for the stop at Columbia Heights.  As the train slackened its speed he stepped down upon the first step, took hold of the hand-holds with both hands and swung his body out from the car, with a view to leave the passenger car upon which he was riding when the train stopped, and to go forward and ride in the smoker from that point to Crete.  Just as he swung out from the car the left side of his body came in contact with the cattle-guard, and he was thrown from his position on the step and fell upon the rails and ground, and sustained the injury for which he seeks to recover in this action.

There was ample room inside the car when the plaintiff went upon the platform.  It was quite dark, and no one connected with the operation of the train knew the plaintiff was upon the rear platform.  Had the plaintiff entered the car and taken a seat, or, if he desired to enter the smoker, had he passed through the rear car, or waited until the train stopped and alighted and passed around that car to the smoker, or had he remained standing upon the platform near the car door, he would not have been injured.  He, however, took a position upon the lower step of the car and swung his body out into the darkness while the car was in motion, and at a point some two hundred feet north of the place where the train usually stopped to discharge and receive passengers, with a view, as he says, to be able to alight from the train and take a position in the smoker quickly, and when his body was in a position outside the line of the car it came in contact with the cattle-guard and the injury occurred.

A railroad company owes. a high degree of care to its passengers, but it will not be held liable for an injury to a

passenger who declines a seat which has been provided for
him in the car and remains standing upon the platform, and
who, when the train approaches a station, instead of waiting
for the train to stop, climbs upon the lower step of the car,
and, holding on with his hands, projects his person beyond
the line of the car into the darkness in order that when the
train stops he may alight quickly. The is no element of
wantonness or willfulness on the part of the defendant in
this case, and as it is clear the negligence of the plaintiff was
the proximate cause of the injury, the trial and Appellate
Courts properly held there could be no recovery. The gen-
eral rule is, that negligence and contributory negligence are
questions of fact for the jury, but when the facts are ad-
mitted and all reasonable minds will agree that the injury
was the result of the plaintiff's own negligence, the court
may, as a matter of law, find that there was such contribu-
tory negligence on the part of the plaintiff as to defeat a
recovery, and so inform the jury by a peremptory instruc-
tion. *Werk* v. *Illinois Steel Co.* 154 Ill. 427; *Chicago and
Northwestern Railway Co.* v. *Hansen,* 166 id. 623; *Beidler*
v. *Branshaw,* 200 id. 425.

In the briefs filed in this case upon behalf of plaintiff
many cases are cited where the employees of railroad com-
panies have been permitted to recover for injuries sustained
by them, while in the performance of their duties as such
employees, by coming in contact with overhead or other
obstructions located near the tracks upon which the trains
upon which they were employed at the time they were in-
jured were running; also where passengers have been in-
jured from such obstructions while riding in dangerous
positions upon trains which were overloaded and where they
were unable to obtain upon the train a place of safety, and
by persons while riding upon the running-boards, or other-
wise, of overcrowded street cars. The diligence of counsel
has, however, brought to our attention no case which holds
that a passenger may, without notice to the railroad com-

pany and without excuse, voluntarily assume a place of danger upon the train and then recover damages for an injury sustained by him while in such position, if the railroad company has performed its full duty to him by providing a safe and convenient place for him in which to ride. We think the authorities relied upon by the appellant are not in point, as a different principle controls in the cases relied upon to show a right of recovery from that which controls in the case at bar.

Finding no reversible error in this record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*