PETER C. PELL, Appellee, *vs.* THE JOLIET, PLAINFIELD AND AURORA RAILROAD COMPANY, Appellant.

*Opinion filed February 19, 1909.*

1. PLEADING—*denial of ownership of tracks and control of cars is a special defense.* A plea of the general issue in an action for damages by a passenger against a railroad company does not put in issue the ownership of the tracks and control of the cars, but the denial of such ownership and control is a good defense, and may be presented, under section 46 of the Practice act, by notice thereof in writing, with the general issue.

2. APPEALS AND ERRORS—*when error in striking notice of special defense from files is harmless.* Error in striking from the files a notice of a special defense denying the defendant's ownership of the railroad tracks and the control of the cars at the time of the plaintiff's injury is harmless, where the evidence is conclusive and uncontradicted that the cars were owned by the defendant and managed by its servants, for whose negligence it was responsible, and that the contract of carriage was with the defendant, as in such case the ownership of the tracks is immaterial.

3. EVIDENCE—*what does not sustain defense denying defendant's control of cars.* A special defense denying the defendant's control of the cars at the time when plaintiff's injury occurred is not sustained by a contract whereby the alleged control of such cars at the time and place of the injury was not only merely verbal, but was in violation of the law.

4. RAILROADS—*what is not a fulfillment of company's duty to passengers.* It is the duty of a railroad company to exercise the highest degree of care, consistent with the character and mode of conveyance and the practical operation of its business, to prevent an accident to a passenger riding upon a car, and it is not a fulfillment of that duty to operate its cars so near to fixed objects or passing cars as to be dangerous to passengers using ordinary care.

5. SAME—*when question of passenger's contributory negligence is one of fact.* The question of a passenger's contributory negligence is one of fact under evidence that he was sitting sidewise on a seat intended for passengers facing the center of the car, with his arm and hand extending very slightly outside of the car through an open, unguarded window, where his hand was caught and injured by a passing car, of the close proximity of which he had no notice or warning.

6. SAME—*passenger not bound to presume that cars will pass so close as to barely miss each other.* Where no warning is given

and there are no barriers at the windows of the car, a passenger is not bound, as a matter of law, to know or presume that other cars will pass so close as to barely miss the one in which he is riding, and the question whether, in such case, it is negligence for the railroad company not to give a warning is a question of fact.

7. SAME—*when question whether windows of car should be provided with barriers is for the jury.* If a railroad company operates its cars on double tracks so close together as to be dangerous to passengers, it is a fair question for the jury, and not an engineering question, whether the windows of the cars should be provided with barriers to prevent passengers from being injured.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding.

JOHN M. RAYMOND, JOHN K. NEWHALL, and GARNSEY & WOOD, for appellant:

Where the facts are admitted and all reasonable minds would agree that the injury was the result of the plaintiff's negligence, the court may, as a matter of law, find there was such contributory negligence on the part of the plaintiff as to defeat a recovery, and may so inform the jury by a peremptory instruction. *Hewes* v. *Railroad Co.* 217 Ill. 500; *Werk* v. *Steel Co.* 154 id. 427; *Railway Co.* v. *Hansen,* 166 id. 623; *Beidler* v. *Branshaw,* 200 id. 425.

A passenger is guilty of contributory negligence where he deliberately places his arm outside of a car window, and he cannot recover for injuries received by reason of his arm or hand coming in contact with some external object while in such position. 4 Elliott on Railroads, (2d ed.) sec. 1633; *Railway Co.* v. *Hancock,* 75 Ohio St. 388; *Railroad Co.* v. *Andrews,* 39 Md. 329; *Todd* v. *Railroad Co.* 85 Mass. 18.

Appellant performed its full duty as a carrier by providing a safe and convenient place for appellee in which to ride, and where appellee, without any excuse, voluntarily assumed a place of danger by thrusting his arm outside of

appellant's car window, appellee, under such circumstances, cannot recover for any injuries sustained by him while in such position. *Hewes* v. *Railroad Co.* 217 Ill. 500; *Railroad Co.* v. *Green,* 81 id. 19; *Railway Co.* v. *Fay,* 16 id. 558.

Appellant owed no duty to appellee to warn him of the approach of a car passing on an adjoining track. It had a right to presume that he would keep in his proper place inside of the car. *Railroad Co.* v. *Green,* 81 Ill. 19.

Appellant owed no duty to appellee to place guards or bars at its windows to prevent him thrusting his hands and arms outside of the line of the car. *Railroad Co.* v. *Rutherford,* 29 Ind. 82.

The manner of constructing a railroad is an engineering question, and a railroad company is not required to adopt any particular method of construction, nor any particular contrivance or device, in order to be in the exercise of ordinary care for the safety of its employees. *Railroad Co.* v. *Driscoll,* 176 Ill. 330.

J. W. Downey, for appellee:

Whether appellee was in the exercise of ordinary care for his own safety and whether appellant was guilty of negligence which caused the injury were questions of fact, to be determined by the jury under the evidence and the instructions of the court. *Railroad Co.* v. *Pondrom,* 51 Ill. 333; 3 Thompson on Negligence, secs. 2972-2976; *Railway Co.* v. *Williams,* 140 id. 275; *Railway Co.* v. *Rood,* 163 id. 477; Shearman & Redfield on Negligence, (5th ed.) sec. 519; *Railway Co.* v. *Smith,* 5 L. R. A. (N. S.) 274; *Railway Co.* v. *Kelsey,* 180 Ill. 530.

It is not negligence *per se,* as matter of law, for a passenger to permit his elbow or hand to project slightly beyond a window sill while sitting in a seat in a street car. (*Railway Co.* v. *Yundt,* 169 Ill. 47.) And less strictness in this regard is required in the case of street cars than is required in the case of steam railroad cars. 6 Cyc. 652;

5 Am. & Eng. Ency. of Law, (2d ed.) 683, 684; *Spencer v. Railroad Co.* 17 Wis. 487; *Railroad Co.* v. *Thompson,* 210 Ill. 227; *Siegel* v. *Eisen,* 41 Cal. 109; *Railroad Co.* v. *McCleave,* 18 Ky. 1036; *Summers* v. *Railroad Co.* 38 La. Ann. 139; *Railroad Co.* v. *Kaskell,* 78 N. D. 517; *Dahlberg* v. *Railroad Co.* 32 Minn. 404; *Miller* v. *Railroad Co.* 5 Mo. App. 471; *Francis* v. *Steam Co.* 114 N. Y. 380; *Railroad Co.* v. *Brophy,* 105 Pa. St. 38.

Evidence that plaintiff's arm projected out of the window does not show contributory negligence as matter of law. 7 Current Law, 574.

Exposing the elbow from the window of a street car is not negligence under all circumstances, and the exposure of the hand or elbow from a railroad carriage moved by steam may be negligence where the same exposure from the window of a street car would not be. *Miller* v. *Railroad Co.* 5 Mo. App. 471.

Upon the question of the duty of the carrier to place guards or rods upon the windows when the cars are operated so near to each other or so close to objects near the track as to be likely to endanger the safety of passengers, see Thompson on Negligence, sec. 2975.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Second District affirmed the judgment of the circuit court of Will county for $1200, recovered by Peter C. Pell, appellee, in an action on the case against the Joliet, Plainfield and Aurora Railroad Company, appellant, for injuries to the hand of the plaintiff, caused by another car passing the one on which the plaintiff was riding with his arm resting on the window sill and his fingers around the edge of the sill. From the judgment of the Appellate Court this appeal was prosecuted.

The plea of the defendant was the general issue, together with notice, in writing, of special matter of defense

238 — 33

under section 46 of the Practice act. The notice stated that the defendant would rely for a defense on the trial on the special matter that it neither owned the track nor had control of the cars in question at the time the alleged injuries were charged to have been inflicted, and would offer in evidence, as proof of such fact, a contract between it and the Elgin, Aurora and Southern Traction Company, dated August 5, 1904. The court struck the notice from the files and the defendant excepted. The plea of the general issue did not put in issue the ownership of the track or the control of the cars and the defendant was required to plead the same specially. (*McNulta* v. *Lockridge,* 137 Ill. 270; *Chicago City Railway Co.* v. *Carroll,* 206 id. 318; *Chicago Union Traction Co.* v. *Jerka,* 227 id. 95.) The matter contained in the notice, if proved, would have been a good defense, and the court erred in striking the notice from the files. It subsequently appeared, however, that the error was harmless. The evidence was conclusive and uncontradicted that both cars were owned by defendant and were under the control and management of its servants, for whose negligence the defendant was responsible, and that the contract of the plaintiff for carriage was with the defendant. It was therefore not material whether the defendant owned the tracks. The intended proof under the notice consisted of only the same contract set forth in the case of *City of Aurora* v. *Elgin, Aurora and Southern Traction Co.* 227 Ill. 485, which was offered in evidence on the trial and rejected by the court. That contract was held in the case cited to be ineffectual to convert the interurban cars of defendant into street cars of the Elgin, Aurora and Southern Traction Company, and the supposed control was not only merely verbal, but was in violation of law.

The court refused to direct a verdict of not guilty on the motion of the defendant, and the ruling on that motion is the principal cause of complaint and subject of argument.

The declaration contained four counts, and charged negligence of the defendant in operating the cars which caused the injuries, on double tracks, with a space between them of only one inch; negligence in failing to warn plaintiff of the close proximity of the cars, of which he was ignorant; negligence in failure to place bars or safeguards at the windows, so that passengers would not be injured by passing cars; and negligent and improper operation of the cars.

The question raised by the motion was whether the evidence tending to support the cause of action was sufficient, in law, to sustain the verdict, taking no account of contradictory evidence, and the evidence which the court might rightfully consider on the motion was to the following effect: Defendant operated an electric interurban railroad from Joliet to Aurora, and on July 22, 1906, sold to plaintiff, at Joliet, a ticket from that place to Aurora and return. He went to Aurora, and between five and six o'clock in the afternoon he took passage on a car at the terminal station of defendant in Aurora for the return trip. The car contained a smoking compartment in the front end, next the motorman, and the plaintiff went into that compartment, which contained a cane seat on each side at the rear, running crosswise, with an aisle in the center. In front of the cane seats there was on each side of the compartment a long slat-seat, hinged, which could be turned up against the side of the car in case the compartment was used for hauling baggage or freight. Outside of the windows opposite the cane seats there were three bars, which would prevent passengers from putting their arms out of the windows, the lower one two and seven-eighths inches above the window sill and the spaces between the other bars about two and one-half inches. There were no guards or bars on the outside of the windows along the longitudinal seats, but there was a grating of iron bars on the inside of each window, which was let down when the compartment was used

for freight or express, to keep from breaking the glass, but when not so used was pushed up to the top of the window, out of the way. On this occasion the inside bars were shoved up above the windows, which were open, and it was very warm. At the time of the accident the plaintiff was sitting partly sideways on the slat-seat, on the left side, facing toward the front, with his left knee on the seat and his right foot on the floor. His arm was resting on the window sill, which was seven and three-quarters inches wide, and the arm extended slightly over the sill and the plaintiff had his fingers around the edge of the sill, holding to it, and looking at the passing objects. The car was going south on Lincoln avenue, and a car going north passed so closely that plaintiff's left hand was caught by the car passing on the adjoining track, dislocating his wrist and injuring his hand and arm. It is contended that upon this evidence the court ought to have found that the plaintiff, by having his arm on the window sill and his hand over the edge of it, was negligent as a matter of law, and to have directed a verdict on that ground.

The conduct of a passenger may be such as to defeat a recovery as a matter of law, (*Hewes* v. *Chicago and Eastern Illinois Railroad Co.* 217 Ill. 500,) and if a passenger should have his arm, head or body so far out of a window as to necessarily expose him to danger under the ordinary conditions which he might reasonably expect to exist, all reasonable minds would agree that his negligence contributed to an injury, and it would be the duty of the court to so inform the jury by a peremptory instruction. It is true that the seat was designed, in its ordinary use, for passengers facing toward the center of the car, and if the plaintiff had been sitting with his back to the window or if he had kept his hand and arm inside of the car the accident would not have happened; but it does not necessarily follow, as a matter of law, that because he did not sit in the seat in the ordinary manner and permitted his hand and

arm to project very slightly beyond the edge of the window sill he did not use such care for his own safety as a reasonably prudent person would have used under the same or similar circumstances. It was the duty of the defendant to exercise the highest degree of care consistent with the character and mode of conveyance and the practical operation of its business to prevent an accident to the plaintiff while riding upon the car, and it would not be a fulfillment of that duty to operate the car so near to fixed objects or passing cars as to be dangerous to a passenger using ordinary care. It is not uncommon for persons riding in cars to rest the arm on the window sill or perhaps to allow it to extend slightly outside, where there is no barrier and no warning not to do so. In the absence of barrier or warning a passenger is not bound to presume that other cars will pass so close as barely to miss the car in which he is riding. There is usually a reasonable space between the passenger car and any structure or passing car, and at any rate the court could not say that cars are usually operated in such close proximity as they were in this case and that the passenger ought to have known that fact. The question whether the plaintiff was guilty of negligence contributing to his injuries was one of fact, and in determining that question the manner in which the plaintiff was sitting, the facts that he had his arm on the window sill and projecting somewhat beyond it, and was holding the sill with his hand, were to be considered by the jury, the trial court and the Appellate Court; but the question was not one of law, to be determined by the court on the motion to withdraw the case from the jury and direct a verdict.

The defendant asked the court to instruct the jury that no recovery could be had under the second count of the declaration, but the court refused the request. That count charged as negligence a failure of the defendant to warn the plaintiff of the close proximity of the cars while passing upon the tracks, of which the plaintiff was alleged to be

ignorant. Counsel say that it would be fair to presume that passengers would not have their arms or fingers outside of the window sill, and therefore the defendant was not required to warn them not to do so, and, as a matter of fact, if the plaintiff had kept inside of the car he would have been entirely safe. The evidence fairly tends to prove that there was an unknown danger which the plaintiff was likely to encounter, and did, in fact, encounter, and it is a matter of common knowledge that passengers do frequently as the plaintiff did, where there is no warning that the act is dangerous. The court did not err in refusing to leave to the jury the question whether warning ought to have been given.

The defendant also asked the court to instruct that it was not its duty to provide guards at the windows to prevent passengers from extending their arms outside. If the defendant chose to operate its cars so close together as to be dangerous for passengers, it was a fair question for the jury whether it ought to have provided screens, netting or bars, or some other appliance, to prevent injuries. But counsel say that the question whether there should be such safeguards was an engineering question, like the one involved in *Chicago and Eastern Illinois Railroad Co.* v. *Driscoll,* 176 Ill. 330, where the failure to put a butt-post at the end of a stub-switch in a switch yard was charged as negligence. There is no similarity between the cases. The question whether a common carrier is bound to take proper precautions to prevent injuries to passengers where the tracks are so close together as to be dangerous is not a question of engineering science or skill.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*