## Walter Wendling, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 16,935.

1. PLEADING—*what not denied by general issue.* Ownership averred in a declaration in an action for personal injuries is not put in issue by a plea of the general issue.

2. CONTRIBUTORY NEGLIGENCE—*what not as a matter of law.* Standing upon the platform or step of a traction car when it is in motion is not *prima facie* evidence of negligence.

Appeal from the Superior Court of Cook county; the HON. WILLIAM H. MCSURELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 21, 1912.

B. F. RICHOLSON and C. LE ROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

ADLER & LEDERER, for appellee; FRANCIS ADAMS, JR., of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

The appellee, who was the plaintiff in the court below, recovered a judgment against the Chicago City Railway Company, appellant, in the sum of $2,000 for personal injuries sustained on October 8, 1907, caused, as alleged, by the negligence of the Railway Company, between five and six o'clock P. M. on the day in question.

Appellee at the time of the accident was sixteen years of age. He got upon the front step of the platform of a car of the Railway Company which was southbound, at the northwest corner of Twelfth and Clark streets in the city of Chicago. Clark street runs north and south, and Twelfth street east and west. At Twelfth street there is a viaduct which extends for a number of blocks. A portion of Clark street is elevated in order to enable the street cars to pass over the viaduct. At the south line of Twelfth street the tracks on Clark street are on an incline extending south five or six hundred feet. At the time of the accident there were five iron poles along the decline west of the west or southbound tracks. The poles were located at the edge of the sidewalk. The testimony is not harmonious as to the distance between the poles and the outer edge of the west track, the distance being variously estimated by the witnesses from one foot to two and one-half feet. The car appears to have been crowded, although there is conflict in the testimony as to whether or not there was room for one to stand in the car; but it appears uncontradicted that the back platform was crowded and that there were also people upon the front platform. Appellee stood on the step of the front platform, as heretofore stated, there being two others with him. He appears to have taken hold with his left hand of the handle of the body of the car and to have faced the car. There was some testimony to the effect that he had hold of this handle

with both hands. As the car was going down the south decline the appellee was struck by a pole and thrown from the car and injured. The appellee testified that the car was going rapidly and in such a way that it "swung out" once or twice, and that he "swung out" with it.

The testimony on behalf of the appellant, from witnesses who were passengers in the car, is to the effect that the car did not swing, but that appellee threw himself backwards just before reaching the pole in question.

The points relied upon by appellant for a reversal of the judgment are, that the verdict was against the manifest weight of the evidence as to the negligence of the appellant; second, that by the undisputed evidence the appellee was guilty of contributory negligence; third, that the court erred in the giving of improper, and the refusal to give proper, instructions to the jury.

The question of the relative rights and duties of a carrier and passenger, under the circumstances shown to have existed in the case under consideration, is no longer a matter of doubt. In Math v. Chicago City R'y Co., 243 Ill. 114, it is said:

"The foot-board is not furnished for ordinary use in riding on cars, but it is universally known that there are times when street cars are so crowded with passengers that some are compelled to ride on the foot-board or not reach their business or homes at all. Such conditions furnish an excuse for standing on a foot-board, so that there is no rule of law that standing in such a place constitutes, in itself, negligence on the part of a passenger. North Chicago Street Railroad Co. v. Polkey, 203 Ill. 225. If the circumstances are such that standing on the foot-board is an act of carelessness on the part of a passenger, or there is a failure to exercise such care as persons of ordinary prudence would exercise in the same position, there can

be no recovery. Hewes v. Chicago & Eastern Illinois Railroad Co., 217 Ill. 500. The fact that a street car is crowded so that a passenger must stand on the foot-board if he rides at all does not render the foot-board a safe place to ride any more than if the car were empty. The defendant having accepted Rietzl as a passenger on the foot-board became bound to exercise toward him the high degree of care required of carriers of passengers, and the more dangerous the position of a passenger, if it is assented to by the carrier, the greater precaution the carrier is bound to observe. At the same time the law imposes on the passenger the duty of observing for his own safety the degree of care that a person of ordinary prudence would observe while riding on a foot-board, and it is obvious that the attention of the passenger to the surroundings and precautions to avoid danger would be greater than when occupying a seat in a place of comparative safety. The attention and circumspection to avoid injury required of both parties is to be measured by the situation of the passenger and the dangers connected therewith."

The negligence charged in the declaration was that appellant allowed the poles to be in close proximity to the tracks, and so close that the swinging and swaying of a car of the size and construction of the one on which appellee was riding would tend to throw a passenger who was on the step of the car against the poles. It was also charged that the appellant negligently operated the car in question, and it is claimed by the appellee that both charges are sustained by the evidence. The second charge, namely, that the car was improperly managed, it is alleged by the appellee, is proved by the fact that the car was allowed to attain a higher rate of speed than was proper under the circumstances; that this rate of speed resulted in the swaying of the car, the necessary consequence of which was to cause the appellee, standing where he was, to sway outward from the car, thus causing him to strike

against the pole. Suggestion was made in the argument by counsel for the appellant that there was no proof that the poles belonged to the appellant. The declaration charged that the defendant was the owner. No special plea was interposed. Ownership must therefore be assumed. Brunhild v. Chicago Union Traction Co., 239 Ill. 621, and cases cited.

There was sharp conflict in the testimony as to the rate of speed at which the car was running. One of the witnesses for appellee placed it at ten miles an hour, and others described it as "running fast." Whether the speed at which the car was running was so fast as to make it the basis of a charge of negligence, in view of the crowded condition of the car, the proximity of the tracks to the poles, etc., was a question within the particular province of the jury to determine. It is true several witnesses for the appellant testified that the car was running slowly, smoothly, and without any swaying or swinging. These witnesses for the most part were in the car, and it is possible that they would not notice the swaying to the extent that one might who was standing upon the platform. We have carefully considered all the evidence adduced at the trial, and are unable to say that the determination of the jury in regard to the question, as shown by the verdict, was against the manifest weight of the evidence. Nor, in our opinion, would we be justified in reversing the case on the ground that the appellee was shown to have been guilty of contributory negligence. Standing upon the platform or step of a car when in motion is not *prima facie* evidence of negligence. Chicago & Alton Ry. Co. v. Fisher, 141 Ill. 614. Math v. Chicago City Railway Co., *supra*. If appellee voluntarily swung out from the car he doubtless would be guilty of contributory negligence. The jury, however, under, as we believe, suitable instructions, has found to the contrary, and we cannot say that the result reached is so manifestly

against the weight of the evidence as to warrant a re-versal of the judgment.

The third point urged upon us by the appellant is that the court erred in the giving of improper and in the refusal to give proper instructions. We have read with care the charge of the court, which consisted of five instructions tendered by the appellee and sixteen as tendered by the appellant, and are of the opinion that on the whole the instructions were proper and that they correctly advised the jury as to the law of the case. We think that the instructions tendered by the appellant and not given were, in so far as they were proper, incorporated in the instructions as given.

As we find no error in the record, the judgment will be affirmed.

*Affirmed.*