Clara Johnson, Administratrix, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 17,411.

1. Carriers—*duty to warn passenger.* A verdict, finding a street railroad company guilty of negligence in not warning passenger of danger in standing on step facing another track on which cars were passing, based on evidence, will not be disturbed.

2. Carriers—*question for the jury.* The question of whether a street railway company is guilty of negligence in not warning a passenger of danger from passing cars while he is standing on the step, is for the jury, and the same is true with reference to the question of whether the passenger is guilty of contributory negligence.

3. Carriers—*negligence.* It is negligent operation for a street railway company to have a car door open which leads out upon tracks upon which cars are passing, and it is a violation of the degree of care which it is bound to exercise towards passengers.

4. Contributory negligence—*standing on step of street car.* A verdict finding a passenger not guilty of contributory negligence in standing on step of a street car preparatory to getting off, when he is not warned of danger from passing cars, will not be disturbed.

5. Evidence—*location of street railway tracks.* In an action by next of kin of intestate for damages caused by reason of his death, it is not error to admit testimony showing location of car tracks at the place of accident and the character and width of cars.

6. Appeals and errors—*admission of immaterial testimony.* In a street railroad accident case the admission of testimony to the effect that witness had passed the location of the accident several times a day in his run on that street extending over a period of several years and had seen work done on the tracks, although apparently immaterial, is not reversible error.

7. Argument of counsel—*when ground for reversal.* Violent and extravagant language used by counsel in his closing address to the jury is not a ground for reversal where it in no manner affects the verdict.

Action in case for death by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. Joseph H. Fitch, March term, 1911. Affirmed. Opinion filed October 22, 1912. *Certiorari* denied by Supreme Court (making opinion final).

S. S. PAGE and WATSON J. FERRY, for appellant;
LEONARD A. BUSBY, of counsel.

LEONARD GOODWIN and BLAISDELL & WHITNEY, for
appellee; GUERIN, GALLAGHER & BARRETT, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the
court.

In an action under the statute, appellee recovered
damages to the next of kin of Warner W. Johnson,
which they sustained by reason of his death, alleged
to have been caused through the negligence of appel-
lant. The action was originally brought against ap-
pellant and the Chicago Railways Company, but after-
wards discontinued as to the latter.

The accident occurred on May 9, 1908, on State
street, between Lake and Randolph streets, in the City
of Chicago. There were three street railway tracks in
State street at this point, on the most easterly of which
appellant operated its cars in a southerly direction;
on the other two tracks, the middle and the most west-
erly one of the three, the Chicago Railways Company
ran its cars in a northerly direction. Appellant's cars
ran north on State street to Washington street, thence
east to Wabash avenue, thence north on Wabash ave-
nue to Lake street, thence on Lake street back to
State street, thence south on State street. The evi-
dence shows that as appellant's cars ran around this
loop, the entrance and step faced the street-curb near-
est to it, except when they ran south from Lake street
at which time the step and entrance faced west to-
ward the middle track on State street. At the point
of the accident, midway between Lake and Randolph
streets, the two tracks were about four feet and eight
inches apart. The cars operated by the appellant were
nine feet in width, extending two feet one and one-half
inches beyond each side of the track, while the cars
operated by the Chicago Railways Company were
about eight feet and eight inches wide, and extended

one foot ten and three-fourths inches beyond each side of the track. It thus appears that the easterly track and the middle track were so placed and arranged in the street that the north- and south-bound cars, in passing each other on said tracks, ran so close to each other that a person standing on the step of the south-bound car would be liable to be struck by any passing north-bound car running on the middle track. The declaration alleges, and the evidence tends to show, that on the day in question, in the night time, plaintiff's intestate was a passenger on a south-bound car of the defendant, the Chicago City Railway Company, being operated on the said easterly track, and was standing on the step on the west side of the car, and at some point between Lake and Randolph streets, while thus standing on the step, he was struck by a north-bound car of the Chicago Railways Company running on the middle track.

Appellant urges as grounds for reversal of the judgment that the verdict is against the weight of the evidence and is not justified by it; that the court erred in its rulings upon the admission of evidence; that counsel for appellee made improper remarks in his closing argument to the jury, and that the damages awarded are excessive.

Upon the question of liability, we first consider whether or not the evidence shows the negligence on the part of defendant averred in the declaration.

The first count of the declaration, after setting out the location of the tracks of the defendant with reference to each other and the directions in which the cars were operated on each track, and that the cars of the defendant were approaching each other on the tracks, the position of the deceased on the car of appellant, avers the duty of the defendant to warn the plaintiff's intestate of the approach of the car of the Chicago Railways Company, and that the appellant negligently failed to give any warning. The second count avers that the defendants and each of them so

carelessly, negligently and improperly ran, managed, operated and controlled the car upon which the plaintiff's intestate was riding and the north-bound car; that thereby plaintiff's intestate was struck and killed.

There is no conflict in the evidence. It appears without controversy that up to the time that appellant's car reached the intersection of State and Lake streets, the door on the right-hand side of the car was open for entrance and exit of passengers, and that there was, up to that point, no track between the door and the curb of the streets on which the car ran. When the car reached the intersection of State and Lake streets, it stopped for some moments. Plaintiff's intestate was standing on the rear platform. When the car turned into State street, the right-hand door of the car remained open and was the only exit from that end of the car. As the car ran south from Lake street, the door thus opened upon the north-bound track of the Chicago Railways Company, on which cars were operated running north. The door on the left-hand side of the car, nearest to the curb, remained closed and thus the door on the right-hand side of the platform opening upon the track of the Chicago Railways Company was the only exit. After the car had started south on State street, and had reached a point about midway between Lake and Randolph streets, plaintiff's intestate stepped down from the platform to the step of the car, and, as he did so, a north-bound car of the Railways Company, which was at that moment passing, struck him and knocked him off appellant's car. No warning was given to plaintiff's intestate of the approach of the Chicago Railways Company's car; the instant that plaintiff's intestate put his foot down, or stepped upon the step from the platform, he was struck.

Upon this evidence we are constrained to agree with the jury in its verdict that the defendant was guilty of the negligence averred in the declaration. It was

a question for the jury, and we see no reason for disturbing its verdict upon that question.

The next question is,—was the plaintiff's intestate guilty of contributory negligence at the time he was injured? The testimony of the appellant's conductor as to what the plaintiff's intestate did at the time of the accident is as follows:

"What next happened, he stepped out to get off and I spoke to him and told him not to get off, 'You will get hurt.' When I said that to him, he didn't say a word.

"Q. Now, at the time when he stepped down, did he take a long time about it, or did he do it quickly? A. It was all in just an instant, that quick .(indicating a snap of the fingers). I would not be positive whether he got both feet down or not; I see one foot down, that is all; I would not be positive about the other. When I spoke to him and told him not to do that he did not make any effort to get back on the platform again; there was no time for that; it happened that quick (indicating); the instant he put his foot down there he was gone. It knocked him clear off my car."

The warning, and the only warning, which was given to plaintiff's intestate was not to get off the car. There is no evidence in the record that he intended to leave the car at the point where he was struck; the evidence tended to show, if anything, that he perhaps intended to leave the car when it reached Randolph street. He was not warned of the proximity of the railroad tracks to each other, or of the approach of the Chicago Railways Company car; he was simply warned not to get off; he was not restrained in any way from stepping upon the step of the car, and there is no evidence that he knew of the danger caused by the passing of the cars within less than a foot of each other.

It is not negligence *per se* for a passenger to step upon the foot-board or step of a moving street car as it approaches his destination. Peterson v. Chicago

Consol. Traction Co., 231 Ill. 324. In the absence of a barrier or warning, a passenger is not bound to presume that other cars will pass so closely as barely to miss the car in which he is riding, or that he will be in danger from a passing car if he stands upon the step of his car preparatory to leaving it. Pell v. Joliet, P. & A. R. Co., 238 Ill. 510.

It was likewise a question for the jury whether, without warning of the peril which existed and without any effort to prevent him from stepping upon the step in a place of danger, when the door leading to the step was open and was the only exit from the car, the plaintiff's intestate was guilty of contributory negligence. We find no reason in the facts shown by the evidence to disturb the verdict of the jury on the question of contributory negligence. In our opinion, the open door of the car leading out upon street car tracks upon which cars were passing, and were liable to pass, in the opposite direction, upon the facts in this case, was negligent management and operation of the car, and in violation of the degree of care which the appellant was bound to exercise toward the plaintiff's intestate while a passenger; and plaintiff's intestate was not guilty of contributory negligence in stepping upon the step of the car preparatory to leaving the same at the next stopping place which we think the evidence tended to show. The evidence fairly tends to show that the danger which the plaintiff's intestate encountered was an unknown danger to him; and it is a matter of common knowledge that passengers frequently step upon the step of a car some distance before the car arrives at the point where the passenger intends to alight, so that they may leave the car promptly as soon as it stops. By the open door the plaintiff's intestate was invited to leave the car through that door, and we think the verdict of the jury, in effect holding that he was not guilty of contributory negligence, ought not to be disturbed.

We do not think the trial court erred in admitting

the testimony of the witness Amet as to the locations of the track, the character and width of appellant's and the Chicago Railways Company's cars, and the distance they overhung their respective tracks. We do not think that the admission of the testimony of the witness Elberson was error, to the effect that he had passed the location of the accident many times a day from October 17, 1907, to the day of the accident, and continued to run on that street until March 13, 1910, and that, during that time, he had seen work done on the east track. The materiality of the evidence is not apparent, but its admission is not reversible error.

The following question was also put to the same witness:

"Q. I will ask you in direct if the tracks, and the distance, etc., and the general location and the situation of them was the same on the night of the accident that they were on or about October of 1907?

"A. Yes, sir; there had been no changes during that period of time in the situation of those tracks as I described them."

We do not think it was error to admit the evidence.

The alleged improper conduct of counsel for appellee in his closing address to the jury is urged as a ground for reversal. The language used was extravagant and violent. The court sustained an objection made to the language used by counsel as referring to things that were outside of the evidence in the case, and directed the jury to disregard any statements of counsel that were not founded upon the evidence. We think the language used by counsel is open to severe criticism, but we cannot see from the record that the character of the address of counsel in any manner affected the verdict of the jury, or that the passions of the jury were aroused and inflamed thereby.

In our opinion, the verdict and judgment is not excessive in amount.

The judgment is affirmed.                    *Affirmed.*