## John F. Devine, Administrator, Appellee, v. Chicago & Alton Railroad Company, Appellant.

### Gen. No. 17,825.

1. CARRIERS—*injury to passenger riding on steps of crowded car.* Where plaintiff's intestate was a passenger on a crowded excursion train and forced to sit on the steps of a car, and while stretching out his leg was caught by a girder and killed, and it is not shown that he had knowledge or means of knowledge of the existence or location of the girder, it cannot be held as matter of law, nor found as conclusion of fact, that he did not exercise that degree of care for his own safety which a reasonably prudent man would have exercised under like circumstances.

2. CARRIERS—*contributory negligence of passenger question of fact.* Standing on the steps of a moving railway car although *prima facie* evidence of negligence, is not negligence, under all circumstances, *per se* and as matter of law, and unless the implication of negligence necessarily arises, the question is one of fact, depending on whether or not the passenger assumed a dangerous position from a reasonable excuse or necessity under all the circumstances.

3. CARRIERS—*when passenger guilty of contributory negligence.* Where a passenger on a railroad, without any reasonable excuse or necessity and without notice to the carrier, voluntarily assumes a position or does some act which necessarily exposes him to danger under ordinary conditions such as he may reasonably expect to exist, and such facts are proved as will charge him with knowledge of the dangers incident thereto, his want of ordinary care for his own safety will preclude him from recovering damages for any injury thereby occasioned.

4. CARRIERS—*operating train close to obstructions.* It is the duty of a carrier to exercise the highest degree of care consistent with the character and mode of conveyance and the practical operation of its business, to prevent an accident to passengers, and operating a crowded train so near to fixed objects and in such way as to be dangerous to a passenger using ordinary care is not a fulfilment of such duty.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed February 13, 1913.

Devine v. Chicago & Alton Railroad Co., 177 Ill. App. 360.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; SILAS H. STRAWN and WALTER H. JACOBS, of counsel.

DELBERT A. CLITHERO and WILL J. BELL, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

By this appeal the appellant railroad company seeks to reverse a judgment recovered against it for $7,500 for negligently causing the death of the plaintiff's intestate, William H. Ruhle, while riding as a passenger on one of appellant's excursion trains going from Chicago to a picnic at Dellwood Park, on the afternoon of Saturday, July 31, 1909. The train consisted of fourteen coaches, mostly of the vestibule type, with seats for 964 passengers. There were 1,246 passengers aboard the train. The day was warm and bright and many of the passengers rode on the platforms and steps, the vestibules being left open. Ruhle boarded one of these cars, about the middle of the train, at the Union station in Chicago, and stood in the aisle until the train stopped at Halsted street to take on more passengers, when he stepped to the front platform of the car, expecting to meet some friends. On attempting to re-enter, after the train started, he found that the door had been locked by the conductor. The rear platform of the car ahead of him was filled with passengers. At one side of the platform on which he was then standing, three women were seated upon the steps, and on the top step at the other side, a man named Clarke was sitting. Ruhle touched Clarke on the shoulder and asked him to "move over." Clarke did so and Ruhle and a man named Clare took seats on the lower steps, Ruhle sitting on the second step with his feet on the first or lowest step. As he sat down, he stretched out one leg to pull up his trousers over his knee. His outstretched foot was caught by

the edge of an iron girder forming part of the super-structure of a low bridge spanning a subway in Throop street, and he was dragged from the steps to the ground, receiving injuries from which he died. The top of the girder was four feet above the level of the rails, and the cars passed about eight inches from its gusset plates.

It is contended that the deceased was guilty of contributory negligence in assuming a dangerous position on the steps of the car and extending his foot beyond the outer line or body of the car while riding in that position. A material distinction is recognized in the authorities upon this question, between cases in which a passenger, without any reasonable excuse or necessity, and without notice to the carrier, voluntarily assumes a position or does some act which necessarily exposes him to danger under ordinary conditions such as he may reasonably expect to exist, and cases in which some necessity or reasonable excuse is shown for such action on the part of the passenger. In cases of the first class, it is held that proof of such voluntary and unnecessary conduct on the passenger's part, together with proof of such facts as will charge him with knowledge of the dangers incident thereto, shows such a want of ordinary care for his own safety as will preclude him from recovering damages for any injury thereby occasioned. In cases of the second class, it is held that if there is evidence tending to show any reasonable excuse or necessity for such conduct, then the question of contributory negligence is a question of fact for the determination of the jury from all the circumstances.

The case of Hewes v. Chicago & E. I. R. Co., 217 Ill. 500, is a case of the first class. There a passenger remained standing upon the platform, though there was ample room inside the car, and as the train approached a station, instead of waiting for the train to stop, he stepped down upon the lowest step, grasped the

hand-rails with both hands, and while the car was still two hundred feet away from the station, swung his body "out into the darkness" in order to alight quickly when the train stopped. As he did so, he was struck by a cattle-guard fence and injured. It was held that he was guilty of contributory negligence preventing a recovery. In the opinion filed, however, the court recognizes the distinction between such a case and cases "where passengers have been injured from such obstructions while riding in dangerous positions upon trains which were overloaded and where they were unable to obtain upon the train a place of safety," by saying that in the latter class of cases, "a different principle controls." *Ibid.* pp. 503, 504.

The case of Petersen v. Elgin, A. & S. Traction Co., 238 Ill. 403, is an illustration of the second class of cases. There a passenger rode on the lowest step of a car in a crowded excursion train, holding on by the hand-rails, and was hit by a train going in an opposite direction on a parallel track; and it was held that under such circumstances, it was a question for the jury whether the passenger was guilty of contributory negligence, even though it appeared from the evidence that he might, perhaps, have pushed his way through the people standing on the platform to a place of safety inside the car. The court in that case quotes with approval the following language from the opinion in the case of Chicago & A. R. Co. v. Fisher, 141 Ill. 614: "We know from common sense and ordinary observation and experience that under some circumstances it is culpable negligence to stand or sit on the platform or steps of a moving car and that under other circumstances it is not, and unless the case be one where the implication of negligence *necessarily* arises, it follows that what in a given set of circumstances would be negligence and what would be an exercise of ordinary care are conclusions of fact, to be deduced from the circumstances of the particular case."

The case of Lake Shore & M. S. R. Co. v. Kelsey,

180 Ill. 530, was a similar case where a boy, riding in the same way, was struck by a car standing upon a side track. The court held that it was a fair question for the jury whether the boy was guilty of contributory negligence, saying, in part (p. 532): "Standing on the steps of a railway car when the train is in motion, although *prima facie* evidence of negligence, is not negligence, under all circumstances, *per se* and as a matter of law. Chicago & Alton R. Co. v. Fisher, 141 Ill. 614, and cases there cited. Nevertheless, riding on the lower step of the platform of an ordinary railway train going at a high rate of speed would doubtless be regarded as gross negligence in a passenger, *unless some good reason appears for so doing other than voluntary choice.* But whether it is negligence or not is a conclusion of fact from the circumstances. * * * There is testimony tending to show that the platform was crowded when the boy boarded the car * * * in other words, that *he may have been there from necessity.*" The cases of Chicago & W. I. R. Co. v. Newell, 212 Ill. 332, and Ruch v. Aurora, E. & C. R. Co., 150 Ill. App. 329, are similar in principle.

In the present case, it was shown that the door leading into the car was locked and that the platform of the car ahead was crowded. The proof also shows that Ruhle attempted to go inside the car, but was prevented by the locked door. These facts tend to prove that remaining on the platform was not a matter of choice with him, but of necessity. It was further shown that the train was moving rapidly, and in view of the well known difficulty of maintaining a standing position on the platform of a swiftly moving railway car, his act and that of his companion in taking seats upon the steps would seem to be reasonably prudent, under the circumstances.

It is insisted, however, that in stretching out his leg while seated there, Ruhle was carelessly and even recklessly unmindful of his duty to use such care as

his situation required. But this was a most natural thing to do, and was an act fraught with no danger whatever under ordinary circumstances. Whether it was negligence *per se* depends, therefore, upon his knowledge, or means of knowledge, of the existence and location of the iron girder. There is no evidence that he had any actual knowledge. There was no gate or other barrier to serve as a warning. There was evidence that one of the trainmen warned the women who sat on the steps on the other side of the platform, but none that Ruhle or his companions were thus warned. There was also evidence that the train passed three or four similar girders after leaving Halsted street and before it reached the girder at Throop street, but the top of the girders was only a little higher than the floor of the cars and there is no evidence tending to show that the girders would be likely to attract the attention of passengers in passing, nor that the train in fact passed any of such girders after Ruhle took his seat upon the steps. Furthermore, the platforms being vestibuled, the view of Ruhle was obstructed in all directions except straight out through the open door of the vestibule, and therefore any object which the train passed as close as these girders were to the train, would only appear in sight for an instant to those who were seated upon the platform or steps. Under these circumstances, we think it cannot be held, as a matter of law, or found, as a conclusion of fact, that Ruhle did not exercise that degree of care for his own safety which a reasonably prudent man in the same situation and with the same knowledge or means of knowledge, would have exercised under like circumstances. We do not regard the case of Chicago Terminal Transfer R. Co. v. Schiavone, 216 Ill. 275, as an authority to the contrary. In that case the relation between the defendant and the injured man was that of master and servant, and the court said (p. 279): "The injury took place in the daytime and the *fence was in plain view from the top of the car,*

and had the deceased been in the exercise of due care for his own safety it seems clear he would have observed the proximity of the fence to the moving car. It also seems clear that negligence, under the circumstances disclosed by the evidence, ought not to be imputed to the appellant.'' The court also states that under the evidence in that case, the defendant did not undertake to carry the man upon its flat-car, either as a passenger or as a workman in its employ, and therefore could not be held liable for an injury sustained by him while upon the car. For these reasons, that case is clearly distinguishable from the present case, even though the manner in which the accident happened may be similar in some respects.

It is also claimed that there is no proof of negligence on the part of appellant. The principal charge of negligence in the declaration is the negligent management and operation of the train in passing the girder above mentioned, in view of the crowded condition of the train and the consequent necessity on the part of the plaintiff's intestate, of riding in a position where he was exposed to the danger of being injured by the girder. We think this charge was sustained by the preponderance of the evidence. In Pell v. Joliet, P. & A. R. Co., 238 Ill. 510, where a passenger sitting next to an open window with his arm and hand resting upon the window sill and slightly outside, was injured by another car passing in close proximity, the court said (p. 517): ''It was the duty of the defendant to exercise the highest degree of care consistent with the character and mode of conveyance and the practical operation of its business to prevent an accident to the plaintiff while riding upon the car, and it would not be a fulfillment of that duty to operate the car so near to fixed objects or passing cars as to be dangerous to a passenger using ordinary care.'' The same is true in this case.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*