Frederick A. Auschwitz, Appellee, v. Wabash Railway Company, Appellant.

Gen. No. 34,090.

Heard in the third division of this court for the first district at the February term, 1930. Opinion filed October 29, 1930. Rehearing denied November 10, 1930.

HAY & BROWN and LEESMAN, ROEMER & SCHNELL, for appellant.

118

Royal W. Irwin, for appellee.

Mr. Presiding Justice Wilson delivered the opinion of the court.

This is an appeal from the superior court of Cook county, seeking to reverse a judgment obtained by the plaintiff because of personal injuries sustained on November 13, 1926.

The plaintiff, Frederick A. Auschwitz, at the time of the accident, was a locomotive engineer. He bases his right to recover upon the Federal Boiler Inspection Act. Plaintiff was, at the time of the accident, in the course of his employment and the locomotive upon which he was at work was being used by the defendant, Wabash Railway Company, in interstate commerce.

The fourth count of the declaration, upon which plaintiff principally relies, avers that it was the duty of the defendant to provide and maintain said locomotive and tender in a reasonably safe condition and repair, but that the defendant failed in its duty in that regard, in that it permitted and provided a certain step on the rear of the tender which was bent, twisted and extended out too far from the side of said tender, and, as a result thereof, the plaintiff, having dismounted from said engine or locomotive, was struck by said step while the said engine or locomotive was proceeding over, along and upon the tracks or rails of the defendant.

During the trial of said cause plaintiff amended this count of the declaration by striking out the words: "was bent, twisted and out of place," leaving in effect that part of the counts which charged that the engine was defective by reason of the fact that the step extended out too far from the side of the tender. Defendant made a motion for a continuance because of the amendment, which was denied, and we believe properly so. The amendment added nothing new to

the declaration, but on the other hand, limited the ground for recovery so that the defendant could not have been harmed by reason of the amendment. Moreover, the ground for recovery remained the same, in that it was based upon a defective condition of the engine, and did not charge a new cause of action.

From the facts it appears that the accident happened at a station of the defendant at Mansfield, Illinois. At this point there was a wooden platform extending along the railroad track and used by the defendant for passenger and freight traffic. The edge of the platform was between 2 and 3 feet from the rail and, at the time of the accident, it was wet and slippery. The platform was very low and, according to the testimony of the plaintiff, was only about 8 inches above the ties. There were steps upon the tender of the locomotive; one on the front and one on the rear corner, on the side nearest the platform. The engine had been engaged in switching cars and as it approached the platform plaintiff proceeded to alight from the cab of the engine for the purpose of obtaining something to eat. He had turned the engine over to the fireman, so that he could take the train down the track and permit the cars to stop opposite the platform. As the plaintiff alighted from the cab, his feet slipped from under him and he fell upon the platform. The testimony as to what happened immediately thereafter is conflicting.

According to the testimony of the plaintiff, he fell with both hands and feet upon the platform, facing in the direction in which the train was going. He was about to get up when the step on the rear end of the tender struck him and threw him around and knocked him down so that his legs were caused to go under the truck of the first car attached to the engine. The train at the time of the accident seems to have been running at between 4 and 5 miles an hour.

According to testimony introduced on behalf of the defendant, the plaintiff fell with his feet off of the platform and his legs went under the engine before he was struck by the step of the tender.

The manner in which the accident happened was a question of fact which was submitted to the jury, and this court is unable to say that its finding is manifestly against the weight of the evidence. There appears, however, to be one clear-cut issue in the cause, namely, whether or not the fact that the step on the tender extended out beyond the side of the tender so far as to create a condition that was dangerous and defective, so as to bring the cause of action under the Federal Boiler Inspection Act.

It is insisted on behalf of the defendant that, even though the step extended out from the side of the tender, it was not defective because it was securely fastened, in good repair, and suitable for the purpose for which it was intended. On the other hand, plaintiff contends that there is an imaginary clearance line along the side of the locomotive or engine, which is known to all railroad employees and that the defendant, by providing the tender of its engine with a step which extended out beyond this imaginary clearance line, caused a condition of danger to those who, by reason of their employment, were caused to be near the engine or locomotive while it was in operation and moving along the rails of the track; that consequently, the step was defective because of said fact, even though it may have been firmly attached to the tender and not out of repair. We do not consider that the manner of its construction was an engineering question, although this point is urged in the briefs.

The question was whether or not the locomotive was defective in that it had a defective step on the tender which was the proximate cause of the injury. Such a question is not an engineering one, but a question of

fact. *Chicago & Eastern Illinois R. Co. v. Driscoll,* 176 Ill. 330; *Pell v. Joliet, P. & A. R. Co.,* 238 Ill. 510.

The Federal Boiler Inspection Act provides that it shall be unlawful to use any locomotive or tender unless it and all parts appurtenant thereto shall be safe and suitable for the purpose for which they are intended. Section 4 of the Federal Employers' Liability Act, Cahill's St. ch. 114, ¶ 324, provides that assumed risk shall not be a defense in any case where an employee is injured by reason of the violation of any statute enacted for the safety of employees. Section 3 of the same act, Cahill's St. ch. 114, ¶ 323, provides that no employee shall be held guilty of contributory negligence where he has been injured by reason of the violation of any federal statute which is enacted for the purpose of providing for the safety of employees. By reason of these enactments, the question of assumed risk and contributory negligence on the part of the plaintiff are out of the case, leaving the sole question as to whether or not the step on the rear end of the tender was defective by reason of the manner of its construction. It is argued on behalf of counsel for the plaintiff that this step should have extended down below the tender in such a manner as to cause the edge of the stirrup or step to be flush with the side of the tender. It is insisted that if this step extended out beyond the side of the tender and 2 or 3 feet beyond the imaginary clearance line, it would not only be defective, but a trap, and dangerous to any person employed by the defendant company who happened to be working alongside of the track over which the engine was proceeding and that, therefore, the fact that it did extend out beyond this clearance line was a question for the jury as to whether or not it extended sufficiently far to cause a dangerous and defective condition.

It is not controverted that the step did extend out beyond the clearance line. The witnesses differ as to

how far out beyond the side of the tender the step extended, some placing it at 5 inches and others as high as 12 inches. It was not necessary in order to recover that the plaintiff should have been engaged in using the step while he was injured. It was sufficient if the step, by reason of its construction, was the proximate cause of the injury. *Davis v. Wolfe,* 263 U. S. 239.

A case very much in point is that of *Gray v. Davis,* 294 Fed. Rep. 57, decided by the United States Circuit Court of Appeals, First District. From the facts in that case it appears that the plaintiff, a brakeman, backed down the step at the end of the tender of the engine for the purpose of alighting and, while there was no direct testimony as to how the accident happened, the plaintiff having died as a result of the injury, there was evidence showing that the platform was built with a wavy contour and not straight, so that he might have been caught between the step and the edge of the platform. The platform was not defective in that it was out of order or out of repair, but, if defective at all, by reason of the manner of its construction. The court in that case held that it was a question of fact for the jury. To the same effect see *Lehigh & N. E. R. Co. v. Smale,* 19 Fed. (2d) 67; *Frye v. Chicago, Rock Island & P. Ry. Co.,* 157 Minn. 52; and *St. Louis-San Francisco Ry. Co. v. Barron,* 166 Ark. 641; *Molloy v. Chicago Rapid Transit Co.,* 335 Ill. 164.

We have examined the instructions and find no error, either in the giving or refusing of any of them.

If, as a matter of fact, plaintiff was upon the platform in the manner in which he testified, facing forward on his hands and knees and in a position of safety, and was struck while in this position by the step on the tender as the engine proceeded along the platform, then he is entitled to recover if the step projected so far out from the side of the tender as to be

dangerous, and this we believe a question of fact which was properly submitted to the jury.

For the reasons stated in this opinion the judgment of the superior court is affirmed.

*Judgment affirmed.*

HEBEL, J., concurs.

FRIEND, J., not participating.